UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
PATRICIA HARRIS LEE,                  :
                                      :    07 CV 6733 (CM)
                Plaintiff,        :
                                      :    **RULE 56.1 STATEMENT**
      v.                              :
                                      :
SONY BMG MUSIC ENTERTAINMENT, INC.    :
and BARBARA WARNOCK-MORGAN,
Individual,                           :
                                      :
                Defendants.       :
------------------------------------------------------------X

      Pursuant to Rule 56.1 of this Court's Local Civil Rules, Defendant SONY BMG MUSIC ENTERTAINMENT ("SONY BMG") respectfully submits the following statement of material facts relevant to its motion for summary judgment as to which there is no genuine issue to be tried.

      The indisputable facts, as revealed in the supporting Declaration of Clemon Williams, dated February 6, 2008 ("Williams Decl."), Declaration of Barbara Warnock-Morgan, dated February 6, 2008 ("Warnock-Morgan Decl."), and the Amended Complaint, dated November 29, 2007, establish that Defendants are entitled to summary judgment, Rule 56(b), Fed. R. Civ. P., dismissing the Amended Complaint.

      1. Plaintiff has been an employee of SONY BMG and its predecessor since 1991. Williams Decl., Ex. A at ¶17.

      2. At the time of the filing of this action, Plaintiff served as Associate Director of the Creative Group of SONY BMG. Williams Decl. at ¶7, and Ex. A at ¶¶17, 20, 21.

3. Plaintiff and Defendant Warnock-Morgan had an emotionally-charged argument on March 31, 2006 (the "Verbal Altercation"). Williams Decl., Ex. A at ¶24; Warnock-Morgan Decl. at ¶¶5-7.

4. The Verbal Altercation was, in part, a carry-over from the previous day, March 30, 2006, when members of the Creative Group during a meeting at SONY BMG, sought answers from Defendant Warnock-Morgan concerning the status of their employment positions in the aftermath of a rumored departmental merger. Warnock-Morgan Decl. at ¶4.

5. On March 31, 2006, Plaintiff accused Defendant Warnock-Morgan of being hypocritical, attacked her professional skills, and told her she took things "too personally." *Id.* at ¶5.

6. Defendant Warnock-Morgan attempted to withdraw from Plaintiff during the Verbal Altercation to avoid further unpleasantness and insults. *Id.* at ¶¶5-6.

7. Plaintiff would not relent, pursing Defendant Warnock-Morgan to the elevator bank where the Verbal Altercation culminated with Defendant Warnock-Morgan innocently raising her hands in front of her face to stop the verbal onslaught. *Id.* at ¶6.

8. Defendant Warnock-Morgan did not "physically" attack Plaintiff, as Plaintiff readily admitted during her taped interview with SONY BMG's insurance investigator that the physical contact between her and Defendant Warnock-Morgan consisted only of Plaintiff, at her instigation, grasping her hands with those of Defendant Warnock-Morgan during the Verbal Altercation. *Id.* at ¶7; Williams Decl., Ex. B at pp. 52-57.

9. Following the Verbal Altercation, Plaintiff continued "to work in the same capacity as Associate Director under the direct supervision of Warnock-Morgan." Williams Decl., Ex. A at ¶34.

10. Following the Verbal Altercation, Plaintiff complained to the Human Resources Department ("HR Department") regarding her "displeasure at working hand-in-hand on a daily basis with Warnock-Morgan." *Id.*, Ex. A at ¶35.

11. Plaintiff did not ask for a transfer or reassignment following the Verbal Altercation. *Id.* at ¶12.

12. On April 12, 2006, Adam Owett, Defendant Warnock-Morgan's direct supervisor, met with Defendant Warnock-Morgan and verbally admonished and warned her that any further incident like the one reported by Plaintiff would result in disciplinary action, up to and including termination. Warnock-Morgan Decl. at ¶9.

13. Following the Verbal Altercation, Plaintiff continued to perform her assigned job duties, and Defendant Warnock-Morgan continued as her supervisor without further incident. *Id.* at ¶10.

14. On May 30, 2006, Plaintiff went on medical leave of absence and filed a claim for disability benefits with SONY BMG's disability carrier, CIGNA Life Insurance Company of New York ("CIGNA"). Williams Decl. at ¶14.

15. CIGNA's Group Disability Insurance Certificate, Williams Decl. at Ex. C, provides that, in accordance with the Employee Retirement Income Security Act (ERISA),"[t]he Plan Administrator has appointed the Insurance Company [CIGNA] as the named fiduciary for adjudicating claims for benefits under the Plan, and for deciding any appeals of denied claims. The Insurance Company shall have the authority, in its

discretion, to interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact. All decisions made by the Insurance Company shall be final and binding on Participants and Beneficiaries to the full extent permitted by law." *Id.*, Ex. C at p. 16.

16. The CIGNA policy also provides that once a participant is disabled, he or she must "be under the care and treatment of a Physician" and that the CIGNA will "not pay Disability Benefits for any period of Disability during which you . . . are not receiving Appropriate Care," *id.*, Ex. C at pp. 4, 8, defined as "ongoing medical treatment and care of your Disability that conforms to generally accepted medical standards, including frequency of treatment and care." *Id.*, Ex. C at p. 12.

17. CIGNA denied Plaintiff's claim for disability benefits based on Plaintiff's failure to receive "Appropriate Care," as required by the Plan. Williams Decl., Ex. D.

18. The denial letter relied upon the medical information furnished by Plaintiff's medical providers, which revealed that her back pain was a "psychosomatic issue" that did "not support an impairment from performing your occupation." *Id.*

19. The denial letter further stated that Plaintiff was referred to Dr. Paley Galst for treatment of post-traumatic stress disorder, but that she voluntarily discontinued psychotherapy treatment. Based on the review of the medical information by the designated health care professionals, the denial letter concluded that "the medical evidence does not support restrictions and limitations imposed of no work." *Id.*

20. Plaintiff was advised of her rights to appeal CIGNA's decision in the denial letter, which was not based on any input from, or conclusions or opinions of, SONY BMG. *Id.*; Williams Decl. at ¶17.

21. Although she was found fit to resume her duties, Plaintiff did not return to work and remains on unpaid medical leave. Williams Decl. at ¶18.

22. Despite her claim that she was removed from SONY BMG's payroll on June 6, 2006, Williams Decl., Ex. A at ¶42, SONY BMG applied Plaintiff's compensable sick days, vacation days and personal days to maintain her on payroll until July 10, 2006, the date when all of her compensable absences were exhausted. Williams Decl. at ¶18.

23. When Plaintiff's merit increase for July 2006 was processed, Plaintiff received all pay that she was entitled to, including retroactive increases. *Id.* Plaintiff was not suffering any disability at the time of the Verbal Altercation. *Id.* at ¶11; Warnock-Morgan Decl. at ¶8.

24. Plaintiff contends that the Verbal Altercation caused her subsequent traumatic injury that was the basis of her disability claim. Williams Decl., Ex. A at ¶45.

25. Plaintiff does not dispute that she received all of the worker's compensation benefits that she was entitled to based on her claim for such benefits. *Id., passim.*

26. Plaintiff does not contend that Defendants discriminated against Plaintiff on the basis of any disability that she was suffering prior to the Verbal Altercation. *Id., passim.*

27. Plaintiff never made any allegations of discrimination of any nature after reporting the Verbal Altercation to the HR Department at SONY BMG, and, when asked what recourse she wanted SONY BMG to pursue regarding the incident, Plaintiff stated that she wanted Defendant Warnock-Morgan's supervisor to be informed of the Verbal

Altercation and to allow the disciplinary process to follow its course. Williams Decl. at ¶12.

28. Plaintiff does not contend that Defendants engaged in any discrimination based on Plaintiff's race or national origin during the Verbal Altercation or at any time before or thereafter. *Id.*, Ex. A, *passim*.

Dated: February 7, 2008
New York, New York

JONATHAN D. DAVIS, P.C.

By: _____
Jonathan D. Davis (JD 5712)
99 Park Avenue
Suite 1600
New York, New York 10016
(212) 687-5464
Attorneys for Defendant SONY BMG MUSIC ENTERTAINMENT and Barbara Warnock-Morgan