## JONATHAN D. DAVIS, P.C.
ATTORNEYS AT LAW

99 PARK AVENUE
SUITE 1600
NEW YORK, NEW YORK 10016

TEL: (212) 687-5464
FAX: (212) 867-0606
JDD@JDDAVISPC.COM
WWW.JDDAVISPC.COM

# MEMO ENDORSED
February 14, 2008

**VIA FACSIMILE**

The Honorable Colleen McMahon
United States District Judge
United States District Courthouse
500 Pearl Street, Room 640
New York, New York 10007

      Re: Lee v. SONY BMG MUSIC ENTERTAINMENT, et al.
          07 CV 6733 (CM)

Dear Judge McMahon:

      We are counsel for Defendants SONY BMG MUSIC ENTERTAINMENT ("SONY BMG") and Barbara Warnock-Morgan in the above-referenced action. We submit this letter to request that the Court enter an order staying discovery during the pendency of Defendants' dispositive motion to dismiss the Amended Complaint or, alternatively, to grant summary judgment in their favor. Plaintiff's counsel, Michael J. Borrelli, Esq., consents to a stay of discovery, subject to the Court's approval. If the Court prefers, this request will be made by formal motion.

      Prior to Defendants' serving their dispositive motion, the Court, on January 18, 2008, "so ordered" the parties' Civil Case Management Plan ("Plan"). A copy of the Plan is enclosed. Pursuant to the Plan, the parties are required to begin exchanging documents next week and to complete their discovery on or before July 31, 2008.

      Plaintiff's Amended Complaint purports to allege federal and state claims for discrimination based on disability, race and/or national origin, and a state-law claim for intentional infliction of emotional distress. The Amended Complaint concerns a heated exchange which occurred between Plaintiff and her supervisor, Ms. Warnock-Morgan. There is no allegation that this encounter involved any discriminatory conduct. After SONY BMG's third-party insurance carrier denied her request for disability benefits, Plaintiff failed to return to work. Plaintiff continues in SONY BMG's employment on unpaid leave status.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/08

Denied

Colleen McMahon
2/15/08

The Honorable Colleen McMahon
February 14, 2008
Page 2

Defendants contend in their motion papers that Plaintiff's alleged stress-related disability arising from the encounter with her supervisor does not state a claim under any federal or state-law that provides remedies for the disabled. Moreover, Plaintiff's claim that she was denied disability benefits does not state a claim under the federal or state disability laws. Plaintiff's hostile work environment claims, based on her subjective reaction to the encounter with Ms. Warnock-Morgan are not based on discriminatory animus and do not approximate the severe or pervasive conditions necessary for such claims. Her retaliation claims are devoid of any factual allegations regarding Defendants' retaliation against her.

Plaintiff's claims based on race and national origin discrimination do not allege any facts that Defendants engaged in any racially discriminatory conduct. Moreover, her claims based on national origin fail to allege any discrimination based upon her country of origin or ancestry. In addition, her claims under the Civil Rights Act and Americans With Disabilities Act against Ms. Warnock-Morgan fail to state claims because there is no individual liability for supervisors under these statutes. Finally, Plaintiff's claim based on intentional infliction of emotional distress does not allege the shocking and outrageous conduct required for such a claim.

Defendants also contend that dismissal of the Amended Complaint is warranted under summary judgment standards. The determination to deny her disability benefits was made by SONY BMG's third-party health insurance carrier, CIGNA, under a delegation of authority to the carrier to decide such claims. Plaintiff has not proceeded against the proper party, CIGNA, or under the proper legal theories with respect to a claim for denial of benefits against CIGNA; thus her claims must be dismissed as a matter of law.

Until this Court determines whether Plaintiff may proceed with this lawsuit, we submit that the parties should not be required to undertake burdensome and costly discovery. Rule 26(d) allows the court to "control by order the sequence and timing of discovery." As stated in *American Booksellers Ass'n, Inc. v. Houghton Mifflin Co., Inc.*, 1995 WL 72376 (S.D.N.Y. Feb. 22, 1995), these provisions enable district courts to stay ments discovery where resolution of a preliminary matter may dispose of the action. Under Rule 26(c), this Court has discretionary power to stay discovery for "good cause shown," which may be satisfied "where a party has filed (or sought leave to file) a dispositive motion." *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277 (S.D.N.Y. Mar. 7, 1996). *See also Rivera v. Heyman*, 1997 WL 86394 (S.D.N.Y. Feb. 27, 1997) (staying discovery where defendants "were about to file a motion which could well dispose of many issues in this case"); *O'Brien v. Avco Corp.*, 309 F. Supp. 703 (S.D.N.Y. 1969).

The Honorable Colleen McMahon
February 14, 2008
Page 3

In considering whether to stay discovery pending decision on a dispositive motion, the courts consider the breadth of the discovery sought and the burden of responding to it, *Spencer Trask Software and Information Services, LLC v. RPost International Limited*, 206 F.R.D. 367 (S.D.N.Y. 2002), and the prejudice that would be suffered by the party opposing the stay. *Cuartero v. United States*, 2006 WL 3190521 (D. Conn. Nov. 1, 2006); *Anti-Monopoly, Inc., supra*. The courts also consider the strength of the motion that is the basis of the stay application. *Cuartero, supra*, 2006 WL 3190521 at *1; *Spencer Trask Software and Informations Services, supra*; *Gandler v. Nazarov*, 1994 WL 702004 (S.D.N.Y. Dec. 14, 1994) at *4 (stay of discovery should be granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law"). All of these factors militate in favor of a stay here.

First, beginning next week, the parties must embark on compulsory discovery pursuant to Rule 26(a). In the weeks and months ahead, the parties will exchange written discovery and participate in many party and non-party depositions. In short, discovery in this case, if it proceeds, will be wide-ranging, burdensome, costly and time-consuming for each side. As one court has stated: "Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants." *Rivera, supra*, 1997 WL 86394 at *1. Similarly, in *American Booksellers Ass'n, Inc, supra*, Judge Keenan found that "[t]he discovery sought by plaintiffs is very broad and to require defendants to respond...at this juncture, when their motion to dismiss may be granted, would be extremely burdensome." The reasoning in both those cases applies here.

Second, Plaintiff consents to a stay of discovery during the pendency of the motion. Thus, there will be no prejudice if the stay is granted. As Judge Leisure explained in *Rivera*, a stay "pending determination of a dispositive motion that potentially eliminates the entire case will neither substantially nor unduly delay the action, should it continue." *Id.*

Finally, in deciding whether to grant a stay, the district court need not decide that the motion will be successful. It is sufficient, as the court stated in *Spencer Trask Software and Information Services, supra*, that the motion "is not unfounded in law." SONY BMG's motion to dismiss or, alternatively, for summary judgment, is based upon the face of the Amended Complaint and Plaintiff's prior statements against interest. The applicable law clearly supports dismissal of the action based on the facts pleaded.

Thus, all factors militate in favor of staying discovery while the Court deliberates and decides the pending motion. That decision will likely dispose of all or

The Honorable Colleen McMahon
February 14, 2008
Page 4

the majority of the claims in the Amended Complaint, or, at the very least, narrow the issues requiring discovery. Accordingly, the requested discovery stay should be granted pending the determination of BMG's motion.

Respectfully submitted,

Jonathan D. Davis

JDD:hs

cc: Michael J. Borrelli, Esq. (Via Facsimile)