**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICIA HARRIS LEE,

                Plaintiff,

  -against-                        **AMENDED COMPLAINT**

SONY BMG MUSIC ENTERTAINMENT, INC.    07 CV 6733 (CM)
and BARBARA WARNOCK-MORGAN,
Individual,
                                               Jury Trial Demanded

                Defendant(s).
------------------------------------------------------------X

Plaintiff, PATRICIA HARRIS LEE, by and through her attorneys, The Law Office of BORRELLI & ASSOCIATES, P.L.L.C., alleges, upon knowledge as to herself and her own actions and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

This is an action for damages and injunctive relief brought by against SONY BMG MUSIC ENTERTAINMENT, INC. ("Defendant" or "Sony") by Plaintiff, a forty (40) year old African-American female. During her employment, Plaintiff was the victim of, *inter alia*, discrimination because of her race and/or disability and/or national origin and/or retaliation. Plaintiff was attacked by her Caucasian supervisor, forced to work in a hostile environment subsequent to the attack, and had repeated complaints regarding both the attack and the hostile work environment she worked in post-attack go ignored. Because Plaintiff was unable to work in the hostile work environment, Plaintiff was eventually forced to go out on a leave of absence. The discrimination and/or retaliation also resulted in Plaintiff being denied short and long-term disability benefits and as well as initially being denied worker's compensation benefits. Sony

failed to assume any professional responsibility for safeguarding Patricia's mental and physical health and safety while she was working on their premises. Her disability is a direct result of being assaulted by her direct supervisor, Mrs. Barbara Warnock-Morgan ("Warnock-Morgan").

## JURISDICTION AND VENUE

1. This is a civil action based upon the Defendants' violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); the New York State Executive Law, Human Rights Law, § 290 et seq. ("NYSHRL"); the Administrative Code of the City of New York, § 8-801 et seq. ("NYCHRL"); the Civil Rights Act of 1871, 42 U.S.C. § 1981; intentional infliction of emotional distress; and any other cause of action that can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367, and 2201. The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state and local law causes of action.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## PROCEDURAL REQUIREMENTS

4. All conditions precedent to maintaining this action have been fulfilled.

5. On or about July 18, 2006, Plaintiff filed a Verified Complaint Pursuant to Executive Law, Article 15 with the New York State Division of Human Rights ("NYSDHR"), NYSDHR Case No. 10112825, Federal Charge No. 16GA603889.

6. Plaintiff was subsequently issued a Notice of Right to Sue from the EEOC pursuant to this charge on April 30, 2007 (a copy of the Right to Sue letter is annexed hereto and marked as Exhibit "A").

7. On or about December 23, 2006, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within three hundred (300) days of the acts of which she complains.

8. Plaintiff was subsequently issued a Notice of Right to Sue from the EEOC pursuant to this charge on June 1, 2007 (a copy of the Right to Sue letter is annexed hereto and marked as Exhibit "B").

9. This action is filed within ninety (90) days of Plaintiff's receipt of both of the aforementioned Right to Sue letters.

## PARTIES

10. Plaintiff, Patricia Harris Lee ("Plaintiff" or "Patricia"), at all times hereinafter mentioned, was and still is a resident of Hudson County, New Jersey.

11. Plaintiff is an African-American female.

12. At all times relevant hereto, Plaintiff was an employee entitled to protection under the under the ADA pursuant to 42 U.S.C. 12111(4); Title VII pursuant to 42 U.S.C. 2000e § 701(f); the NYSHRL under § 292(6); and § 8-101, et seq. of the NYCHRL.

13. At all times hereinafter mentioned, Defendant is a domestic corporation doing business in the State of New York with principal offices located at 550 Madison Avenue, New York, NY 10022.

14. At all times relevant hereto, Warnock-Morgan was an employee of Sony working at 550 Madison Avenue, New York, NY 10022 with a last known address of 489 Hicks Street #1, Brooklyn, NY 11201.

15. At all times relevant hereto, Sony employs more than fifteen (15) individuals and is a "covered entity" within the meaning of the ADA.

16. At all times relevant hereto, Sony is an employer of Plaintiff within the meaning of the ADA, 42 U.S.C. § 12111(5); Title VII, 42 U.S.C. § 2000e (b); NYSHRL § 292(5) and the NYCHRL § 802(5).

## FACTS

17. Sony hired Plaintiff as a Promotion Assistant on or about September 1991.

18. While working at Sony, Plaintiff's performance was consistently satisfactory.

19. During the course of her employment, Plaintiff was never written up or disciplined formally, informally or otherwise.

20. As of 2005, Plaintiff assumed the position of Associate Director of Advertising Management in the Advertising and Marketing Services Department.

21. On or about March 30, 2006, a departmental meeting took place with Plaintiff, her immediate supervisor, Warnock-Morgan and management staff.

22. During this meeting, Warnock-Morgan became extremely hostile, angry and confrontational with members of the management staff.

23. Unprovoked, Warnock-Morgan began to yell and curse at the Plaintiff.

24. On or about March 31, 2006, Warnock-Morgan, unprovoked physically attacked Plaintiff causing her to sustain back, neck and psychological injuries.

25. Shortly after the attack, Warnock-Morgan left a message on Plaintiff's answering machine asking for her forgiveness for the attack and blaming the attack on steroid medications she was taking.

26. On or about April 3, 2006 and April 17, 2006, Plaintiff reported the attack to Kathleen Kelly ("Kelly") and Dan Alcock ("Alcock") in the Human Resources Department.

27. Immediately subsequent to the attack, Plaintiff was forced by Sony to work in a hostile work environment.

28. Subsequent to the attack, Warnock-Morgan retained her position of direct authority over Plaintiff.

29. On or about April 3 2006, three (3) days following the attack on Plaintiff, Warnock-Morgan accused Plaintiff of orchestrating the March 30, 2006 departmental meeting in Warnock-Morgan's absence (Warnock-Morgan was out of the office) to undermine her management decisions.

30. This claim was totally unsubstantiated.

31. Sony has a zero tolerance against violence in the workplace and such acts usually result in the immediate termination of the attacker.

32. Sony has a policy that prohibits the use of any controlled substance while on company premises. All employees are obligated to report any drug use, legal or illegal, that may prohibit job performance or fitness for duty. Violation of this policy may result in immediate termination or suspension without pay.

33. Upon information and belief, despite the attack, no disciplinary action was taken against Warnock-Morgan for the attack and/or violation of Sony's policy on controlled substances.

34. After the attack, Plaintiff was forced to work in the same capacity as Associate Director under the direct supervision of Warnock-Morgan. Further, she was asked to cover Warnock-Morgan's duties for one (1) week while Warnock-Morgan took an unscheduled vacation.

35. From on or about April 4, 2006 to May 26, 2006, Plaintiff sent emails and made telephone calls to Kelly continually voicing her fears and her displeasure at working hand-in-hand on a daily basis with Warnock-Morgan. This attempted contact went unanswered.

36. At one point, Kelly did tell Plaintiff that Plaintiff needed to endure through her work assignments with Warnock-Morgan, make herself more accessible to Warnock-Morgan and to make sure to report her comings and goings to Warnock-Morgan in addition to awaiting for the outcome of their investigation into the assault.

37. Plaintiff was never informed of any resolution of the investigation.

38. Each day she came to work after the attack, Plaintiff feared for her safety and well-being. The lack of support from the Human Resource Department compounded Plaintiff's fears.

39. On or about May 30, 2006, Plaintiff took a medical leave of absence on the advice of her physician.

40. Plaintiff was forced to go on leave because the emotional stress of working in a hostile work environment, along with being ignored by Sony and its Human Resources Department, and the fear of working with Warnock-Morgan was further exacerbating Plaintiff's mental and physical condition.

41. Plaintiff became non-responsive to the medical treatments she was receiving since the assault.

42. On or about June 6, 2006, Plaintiff unexpectedly learned that she had been removed from Sony's payroll, with the exception of vacation pay for fifteen (15) days in June. Plaintiff has not received any paychecks since this date.

43. Because of Sony's objections, Plaintiff applied for short-term disability and was denied by Sony's insurance carrier. As per Sony's policy, based on her disability, Plaintiff was entitled to receive ninety percent (90%) of her salary while out on leave through her short-term disability policy.

44. Due to Sony's objections, Plaintiff's long-term disability has been denied.

45. Due to Sony's objections, Plaintiff's worker's compensation benefits were initially denied.

46. In addition, subsequent to being denied disability benefits in June 2006, Plaintiff did not receive a copy of the company's disability policy despite numerous requests until her previous counsel providing her with a copy in October 2007.

## COUNT I

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, 42 U.S.C. SECTION 12101, DISABILITY DISCRIMINATION AND RETALIATION

47. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. Plaintiff is an employee and a qualified person with a disability within the three-pronged definition of Title I of the ADA.

49. Plaintiff suffers from Traumatic Cervical, Thoracic and Lumbosacral Pain Syndrome with Spasm, Server Reactive Anxiety Disorder, Post Traumatic Stress Disorder and Depression.

50. Defendant is an employer that employs more than fifteen (15) employees within the meaning of Title I of the ADA.

51. The Defendant discriminated against Plaintiff on the basis of a disability that substantially affects one or more major life activities and/or because of her record of impairment by, *inter alia,*

   A. Constructively terminating Plaintiff's employment;

   B. Forcing Plaintiff to work in a hostile environment;

    C. Refusing to accommodate Plaintiff because her disability.

52. Defendants discriminated and retaliated against Plaintiff because of her complaints and opposition to discrimination.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## COUNT II

### DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE AND RETALIATION IN VIOLATION OF THE NYSHRL

53. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. Plaintiff is a person with a disability within the meaning of the NYSHRL.

55. The Defendant discriminated against Plaintiff as set forth in Count I above based upon Plaintiff's disability that substantially affects one or more major life activities and/or

because of her record of impairment and thereby violated Plaintiff's employment rights under the NYSHRL.

56. Defendant Warnock-Morgan "aided" and "abetted" the discriminatory practices of Defendant Sony.

57. Defendants discriminated and retaliated against Plaintiff because of her complaints and opposition to discrimination.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## COUNT III

### DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE AND RETALIATION IN VIOLATION OF THE NYCHRL

58. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. Plaintiff is a person with a disability within the meaning of the NYCHRL.

60. The Defendant discriminated against Plaintiff as set forth in Count I above based upon Plaintiff's disability that substantially affects one or more major life activities and/or because of her record of impairment and thereby violated Plaintiff's employment rights under the NYCHRL.

61. By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with her employment in addition to suffering physical, emotional and other damages.

62. Defendants discriminated and retaliated against Plaintiff because of her complaints and opposition to discrimination.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## COUNT IV

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 DISCRIMINATION, HARASSMENT AND RETALIATION

63. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.