64.    Defendants have discriminated against Plaintiff with respect to terms and conditions of her employment on the basis of her race and national origin and have subjected her to a hostile environment all in violation of Title VII of the Civil Rights Act of 1964.

65.    Plaintiff complained to Defendants about the harassment and discrimination she experienced and otherwise opposed practices made unlawful by Title VII.

66.    Defendants discriminated and retaliated against Plaintiff because of her complaints and opposition to discrimination.

67.    As a proximate cause of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages as set forth above.

68.    Defendants' actions were done with malice and with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

-14-

## COUNT V

## VIOLATION OF THE NYSHRL
## DISCRIMINATION, HARASSMENT AND RETALIATION

69.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70.    Defendants have discriminated against Plaintiff with respect to terms and conditions of her employment on the basis of her race and national origin and have subjected her to a hostile environment all in violation of the NYSHRL.

71.    Plaintiff complained to Defendants about the harassment and discrimination she experienced and otherwise opposed practices made unlawful by the New York State Human Rights Law.

72.    Defendants discriminated and retaliated against Plaintiff because of her complaints and opposition to discrimination.

73.    As a proximate cause of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages as set forth above.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## COUNT VI

## VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW § 807 ET SEQ. DISCRIMINATION, HARASSMENT AND RETALIATION

74.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75.    Defendants have discriminated against Plaintiff with respect to terms and conditions of her employment on the basis of her race and national origin and have subjected her to a hostile environment all in violation of the NYCHRL.

76.    Plaintiff complained to Defendants about the harassment and discrimination she experienced and otherwise opposed practices made unlawful by the NYCHRL.

77.    Defendants discriminated and retaliated against Plaintiff because of her complaints and opposition to discrimination.

78.    As a proximate cause of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages as set forth above.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## COUNT VII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

79.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80.    Defendants, by the actions described herein exhibited extreme and outrageous conduct.

81.    In undertaking the aforementioned actions, Defendants intended to cause Plaintiff severe emotional distress.

82.    The aforementioned conduct has caused Plaintiff severe emotional distress and mental anguish.

-17-

83.    As a proximate cause of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## COUNT VIII

## VIOLATION OF 42 U.S.C. SECTION 1981

84.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85.    Defendants by their discriminatory and retaliatory conduct as outlined above violate the Thirteenth Amendment to the Constitution as protected by 42 U.S.C. § 1981.

86.    As a proximate cause of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages.

-18-

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## JURY DEMAND

COMES NOW the Plaintiff and through her attorneys, hereby requests a trial by jury in the above-captioned matter.

Dated: Melville, New York
       November 29, 2007

Respectfully submitted,

The Law Office of
BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel. (516) 248 - 5550
Fax. (516) 248 - 6027

By: _____
    MICHAEL J. BORRELLI (MB 8533)

-19-

August 1, 2007

TO:    United States District Court
       Southern District Of New York

From: Patricia Harris-Lee

**Re:    Complaint: Patricia Harris-Lee v. Sony BMG Music Entertainment
        /Attached Documentation**

Note: Please be advised, that the following documentation include:

**Exhibit A - Notice Of Right To Sue Letter, Charge No. 520-2007-01172**
**Exhibit B - Notice Of Right To Sue Letter, Charge No.16G-2006-03889**
**Exhibit C - Letter of acknowledgment of charge, from the Equal Employment**
        **Opportunity Commission**
**Exhibit D - Copy of initial charges filed with the Equal Employment**
        **Opportunity Commission**
**Exhibit E - Copy of accompanying Position Statement**

EEOC Form 161-B (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Patricia Harris - Lee
66 Lexington Avenue
Jersey City, NJ 07304

From:  New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

☐  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-01172 | Patricia M. Araujo, Investigator | (212) 336-3681 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

04/30/07
(Date Mailed)

Enclosures(s)

cc:    SONY BMG MUSIC ENTERTAINMENT, INC.
Director H.R./Legal Dept.
550 Madison Avenue
New York, NY 10022

Andre G. Travieso, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Patricia Harris-Lee
66 Lexington Avenue
Jersey City, NJ 07304

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2006-03889 | Holly M. Woodyard, Investigator | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state)    Charging Party to Pursue Matter in Federal Court.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

6/1/07
(Date Mailed)

Enclosures(s)

cc: SONY BMG MUSIC ENTERTAINMENT, INC.
550 Madison Avenue
New York, NY 10022
Attn: Human Resource Director



## U.S. Equal Employment Opportunity Commission
### New York District Office - 520

33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3820
TDD: 1-800-669-6820
FAX (212) 336-3625
1-800-669-4000

Respondent: SONY BMG MUSIC ENTERTAINMENT, INC.
EEOC Charge No.: 520-2007-01172
FEPA Charge No.:

January 09, 2007

Patricia Harris - Lee
66 Lexington Avenue
Jersey City, NJ 07304

Dear Ms. Harris - Lee:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[X] Title VII of the Civil Rights Act of 1964 (Title VII)

[ ] The Age Discrimination in Employment Act (ADEA)

[X] The Americans with Disabilities Act (ADA)

[ ] The Equal Pay Act (EPA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

[X] Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

New York State Division Of Human Rights
Federal Contract Unit
One Fordham Plaza, 4 Fl.
Bronx, NY 10458

Please notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

John B. Douglass
Supervisory Investigator
(212) 336-3765

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
www.eeoc.gov

Enclosure(s)

cc: Andre G. Travieso, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175

This form is affected by the Privacy ___ See enclosed Privacy Act Statement and other information before completing this form.

Agency(ies) Charge No(s):

☐ FEPA
☒ EEOC   520-2007-01172

## New York State Division of Human Rights
State or local Agency, if any    and EEOC

Name (Indicate Mr., Ms., Mrs.)  Mrs. Patricia Harris-Lee
Date of Birth  10-14-1967

Street Address  66 Lexington Avenue    City, State and ZIP Code  Jersey City, NJ 07304

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

Name  Sony BMG Music Entertainment
No. Employees, Members  2,500 (35)
Phone No. with Area Code  (212) 833-6760

Street Address  550 Madison Avenue, New York, NY    City, State and ZIP Code  10022

Name

No. Employees, Members

Phone No. with Area Code

Street Address    City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  4/06    Latest  Present

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**See Attached**

RECEIVED
DEC 2 6 2006
EEOC-NYDO-ENFORCEMENT

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

12/18/06
Date    Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)  December 18, 2006

ANDRE G. TRAVIESO
Notary Public, State of New York
No. 01TR5047122
Qualified in Bronx County
Commission Expires July 24, 2009

Patricia Harris-Lee

## Position Statement

Patricia Harris-Lee has been employed by Sony BMG Music Entertainment, Inc. ("Sony") for over 15 years from September of 1991 to December of 2006. Mrs. Harris-Lee's last position with Sony was as an Associate Director of Advertising Management in the Advertising and Marketing Services Department. During all of Mrs. Harris-Lee's employment at Sony, her performance evaluations have been consistently noted as outstanding and satisfactory.

On March 31, 2006, her immediate supervisor and a Senior Director, a Caucasian woman named Barbara Warnock-Morgan physically attacked Mrs. Harris-Lee causing her to sustain back and neck injuries. This attack was totally unprovoked. On April 3, (three days following the attack) Mrs. Warnock-Morgan accused Mrs. Harris-Lee of orchestrating a departmental meeting on March 30, in her absence (Mrs. Warnock-Morgan was out of the office for on-going medical issues) to undermine Mrs. Warnock-Morgan's management decisions. This claim by Mrs. Warnock-Morgan was totally unsubstantiated.

However, during the meeting on March 30, Mrs. Warnock-Morgan became extremely angry and confrontational with members of the management staff while departmental and reconstruction concerns were being addressed. Mrs. Warnock-Morgan began to yell and curse at the manager and at Mrs. Harris-Lee. This attack was also unprovoked. While witnessing Mrs. Warnock-Morgan's "bizarre outburst," Mrs. Harris-Lee sat speechless and shocked. Mrs. Harris-Lee and staff members, then politely asked Mrs. Warnock-Morgan to compose herself so that the staff meeting could continue. No other exchanges were made between Mrs. Harris-Lee and Mrs. Warnock-Morgan during this meeting.

On April 3 and 17, 2006, Mrs. Harris-Lee reported the attack to Kathleen Kelly and Dan Alcock in the Human Resources Department. As of the filing of this charge, no one in the Human Resources Department has taken any action against Mrs. Warnock-Morgan. Furthermore, even after this vicious attack and the report to Human Resources, Mrs. Harris-Lee was forced to continue to work under direct supervision of Mrs. Warnock-Morgan and cover her work load, while she took paid unscheduled vacation days.

When Mrs. Harris-Lee continually voiced her fears and displeasure of working hand-in-hand on a daily basis with Mrs. Warnock-Morgan to Human Resources, the Department's stance was that Mrs. Harris-Lee needed to endure through her work assignments with Mrs. Warnock-Morgan and wait for the outcome of their investigation into her assault.

From April 4 until May 26, all Mrs. Harris-Lee's emails and phone calls to Kathleen Kelly from Human Resources went unanswered. Again, as of this filing of this charge, Sony and its Human Resources Department have not taken any action against Mrs. Warnock-Morgan. Furthermore, Sony has not offered any possible resolution of the situation to Mrs. Harris-Lee or assumed any professional responsibility for safeguarding her mental and physical health and safety while she has work on their promises; as outlined in the company's policy manual (copy furnished upon request).

Patricia Harris-Lee

Additionally, it should be noted that Sony has a zero tolerance policy against violence in the work place. Such acts usually result in immediate termination of the perpetrator. Most importantly, there is no dispute that Mrs. Warnock-Morgan assaulted Mrs. Harris-Lee because she admitted the assault on a telephone message she left on Mrs. Harris-Lee answering machine shortly after the attack.

On the message, Mrs. Warnock-Morgan asks Mr. Harris-Lee's forgiveness and blames her attack on Mrs. Harris-Lee on steroid medications she was taking. Mrs. Warnock-Morgan clearly states that she has experience violent mood swings ("I have a wear-wolf condition I can't control") in the past seven weeks. Mrs. Warnock-Morgan also admitted to attacking several other people during a violent rage just days prior to assaulting Mrs. Harris-Lee. Mrs. Harris-Lee has copies of this message (copies provided upon request). It should also be noted that Sony has a policy that prohibits the use any controlled substance while on company premises. All employees are obligated to report any drug use, legal or illegal, that may prohibit job performance or fitness for duty. Violation of this policy may result in immediate termination or suspension without pay.

On May 30, 2006, on the advise of her physician, Mrs. Harris-Lee took a medical leave of absence. It was the physician's medical opinion that the emotional stress of working in a hostile work environment, along with being ignored by Sony and its Human Resources Department, and the fear of working with Mrs. Warnock-Morgan was further exacerbating Mrs. Harris-Lee's mental and physical condition. Mrs. Harris-Lee had become non-responsive to the medical treatments she was receiving since the assault.

On June 6, 2006, Mrs. Harris-Lee unexpectedly learned that she had been removed from Sony's payroll. Except for vacation pay (15 days) in June, she has not received any paychecks since this date. It should be noted that Mrs. Harris-Lee is entitled to receive ninety percent (90%) of her salary while on leave through her long-term disability policy.

However, due to Sony's objections, Mrs. Harris-Lee disability and workers compensation benefits have all been denied pending trial decision. Thus, Mrs. Harris-Lee has gone unpaid for over six (6) months. It should also be noted that upon being denied disability benefits in June, Mrs. Harris-Lee has yet to receive a copy of the company's definition of disability and its policy provided by CIGNA even after numerous requested.

Based on the foregoing reasons, Mrs. Harris-Lee charges that Sony and its Human Resources Department, has deliberately disregarded their own company policies (policy #24 and #25 of the Sony Manual) in an effort to protect Mrs. Warnock-Morgan. Additionally, Sony committed unlawful discriminatory practices relating to Mrs. Harris-Lee's employment solely based on her race/color, disability and of opposed discrimination and retaliation in violation of the New York State Human Rights Law. Furthermore, Sony has also violated Mrs. Harris-Lee's civil rights under Title VII of the Civil Rights Act of 1964 (covering race, color, sex relating to employment). Lastly, Sony is also in violation of the Americans with Disabilities Act (ADA) that covers disability relating to employment.