UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
PATRICIA HARRIS LEE,                :
                                                                        07 CV 6733 (CM)
                Plaintiff,      :

                                                    **DECLARATION OF**
        v.                              :          **BARBARA WARNOCK-**
                                                      **MORGAN**

SONY BMG MUSIC ENTERTAINMENT, INC.   :
and BARBARA WARNOCK-MORGAN,
Individual,                          :

                Defendants.   :
------------------------------------------------------------x

        BARBARA WARNOCK-MORGAN, declares as follows:

        1. I am the Associate Director, Advertising, Commercial Music Creative Group, SONY BMG MUSIC ENTERTAINMENT (hereinafter "SONY BMG") and a defendant herein. I submit this declaration in support of Defendants' motion for an order dismissing the Amended Complaint, dated November 29, 2007 ("Amended Complaint"), and/or granting summary judgment in favor of Defendants. I have personal knowledge of the matters contained in this declaration and, if called upon, I could and would testify to each of the statements made herein.

        2. I was employed by Sony Music in 1989 and continued with SONY BMG after the merger of Sony Music Entertainment, Inc. and BMG Music in 2004. I have known the Plaintiff Patricia Harris Lee through her employment in the Creative Group for approximately fourteen years. I have been her immediate supervisor since approximately 2002.

3. This action stems entirely from a verbal altercation between Plaintiff and me on March 31, 2006. At the time of the exchange, I was in a physically and emotionally distressed state, having suffered a second miscarriage and a surgical procedure, a D&C, on March 29, 2006, following an unsuccessful in vitro fertilization. My husband and I have been battling infertility for a prolonged period. The personnel in my department were well aware of my medical and family circumstances, and with the exception of Plaintiff, were very supportive and kind to me.

4. The March 31 altercation was a carry-over from an impromptu meeting on March 30 when several members of the Creative Group peppered me with questions concerning their concerns about the impact upon them of a rumored merger of our department with another department. I thought the meeting was going to be a general department luncheon, but it quickly disassembled into a confrontation when I was ambushed with questions that I had not expected and could not answer on the spot.

5. The next day, I had a discussion with Plaintiff regarding her performing work that she was not required to perform for other departments, which comment caused Plaintiff to become inexplicably defensive. I was merely attempting to lessen her workload. Later in the day, Plaintiff came to my office to remind me that she was leaving early that day. Plaintiff brought up our earlier discussion as well as the meeting the previous day regarding the rumored merger. She became very agitated when I expressed reluctance to discuss matters which I had little or no information about. She told me that I was a hypocrite, that I took things too personally and that I was distrusted by members of our department. I explained to her that I was overwrought emotionally from my surgery

which occurred less than 48 hours earlier and that I was preparing to leave the office myself.

6. As I began to leave my office, Plaintiff pursued me all the way down the hallway to the elevator where she fixed her position in front of me and began taunting me for becoming emotional. I was getting teary eyed. She persisted and even questioned my becoming pregnant, sneering the word "pregnant" at me.

7. Although Plaintiff alleges that I "physically attacked" her, Williams Decl., Ex. A at ¶24, physical contact between us consisted of Plaintiff placing her hands on mine. I raised my hands in front of my face, indicating that I had had enough and that she should stop what she was doing to me. I suppose she did that to get my attention and stem my flight from the building.

8. Plaintiff was not suffering any emotional or physical disability at the time of our encounter on March 31, and she does not claim otherwise. My reaction to Plaintiff's outburst was clearly not based on any disability discrimination, as there could be no basis for it. I also did not make any racially offensive remarks or any remarks directed at Plaintiff's national origin, and, again, Plaintiff does claim that I did so.

9. On April 12, 2006, Adam Owett, my direct supervisor, met with me. Although sympathetic to my vulnerable physical and emotional state at the time of the incident, Mr. Owett verbally admonished me and warned me that any further incident would result in disciplinary action, up to and including my termination.

10. Between March 31 and May 30, 2006, Plaintiff continued to perform her assigned job duties, and I continued as her supervisor without further incident. On May

30, 2006, Plaintiff went on medical leave and has been on unpaid leave since July 10, 2006.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed at New York, New York, on this 6 day of February, 2008.

*B. Warnock-Morgan*
BARBARA WARNOCK-MORGAN