UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
PATRICIA HARRIS LEE,                         :
                                             :   07 CV 6733 (CM)
                Plaintiff,            :
                                             :
       v.                                    :
                                             :
SONY BMG MUSIC ENTERTAINMENT, INC.           :
and BARBARA WARNOCK-MORGAN,
Individual,                                  :
                                             :
                Defendants.           :
------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF DEFENDANTS' MOTION TO
DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

JONATHAN D. DAVIS, P.C.
99 Park Avenue
Suite 1600
New York, New Your 10016
(212) 687-5464
Attorneys for Defendants
SONY BMG MUSIC ENTERTAINMENT
And Barbara Warnock-Morgan

## TABLE OF CONTENTS

Preliminary Statement..................................................................................................................1

REPLY STATEMENT OF FACTS..............................................................................................2

THE AMENDED COMPLAINT SHOULD BE DISMISSED ....................................................4

    A. The Disability Discrimination Claims Must Be Dismissed..............................5

    B. The Racial Discrimination Claims
       Must Be Dismissed ............................................................................................7

    C. Plaintiff Fails To Allege Outrageous Conduct..................................................9

DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT .............................................9

CONCLUSION............................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**      **Page(s)**

*Alfano v. Costello*,
    294 F.3d 365 (2d Cir. 2002)..................................................................................7

*Aspex Eyewear, Inc. v. Clariri Eyewear, Inc.*,
    2008 WL 219765 (S.D.N.Y. Jan. 24, 2008) ...........................................................4

*ATSI Commc'ns v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007)..................................................................................4, 8

*Bell Atlantic Corp. v. Twombly*,
    __ U.S. __, 127 S. Ct. 1955 (2007)....................................................................4, 8

*Billinger v. Bell Atlantic*,
    240 F. Supp.2d 274 (S.D.N.Y. 2003), *aff'd*,
    124 Fed. Appx. 669 (2d Cir. Jan. 21, 2005),
    *cert. denied*, 546 U.S. 843, 126 S. Ct. 90 (2005)..................................................10

*Brightman v. Prison Health Serv., Inc.*,
    2007 WL 1029031 (E.D.N.Y. Mar. 30, 2007).......................................................7

*Cruz v. New York City Taxi*,
    2007 WL 4243861 (E.D.N.Y. Nov. 29, 2007)...................................................4, 8

*Dedyo v. Baker Eng'r New York, Inc.*,
    1998 WL 9376 (S.D.N.Y. Jan. 13, 1998) ..............................................................6

*Fiscina v. New York City Dist. Council of Carpenters*,
    401 F. Supp.2d 345 (S.D.N.Y. 2005),
    *aff'd*, 206 Fed. Appx. 8 (2d Cir. Sept. 19, 2006) ...................................................6

*Gaul v. Lucent Technologies, Inc.*,
    134 F.3d 576 (3d Cir. 1998)..................................................................................5

*Gavish v. Revlon, Inc.*,
    2004 WL 2210269 (S.D.N.Y. Sept. 30, 2004).......................................................4

*Harris v. Forklift Sys., Inc.*,
    510 U.S. 17, 114 S. Ct. 367 (1993).......................................................................6

*Harrison v. New York City Housing Auth.*,
    2001 WL 1658243 (S.D.N.Y. Dec. 26, 2001) .......................................................7

*Kern v. City of Rochester,*
    94 F.3d 38 (2d Cir. 1996)..................................................................................8

*Langford v. County of Cook,*
    965 F. Supp. 1091 (N.D. Ill. 1997) ....................................................................5

*Nakis v. Potter,*
    2004 WL 2903718 (S.D.N.Y. Dec. 15, 2004) ..................................................7

*Osika v. Board of Educ.,*
    1999 WL 1044838 (N.D. Ill. Nov. 16, 1999) ...................................................5

*Paleologos v. Rehab Consultants, Inc.,*
    990 F. Supp. 1460 (N.D. Ga. 1998)..................................................................5

*Palmer v. Circuit Ct. of Cook County,*
    905 F. Supp. 499 (N.D. Ill. 1995),
    *aff'd,* 117 F. 3d 351 (7th Cir.1997),
    *cert. denied,* 522 U.S. 1096, 118 S. Ct. (1998) ................................................5

*Potter v. Xerox Corp.,*
    88 F. Supp.2d 109 (W.D.N.Y. 2000),
    *aff'd,* 1 Fed. Appx. 34 (2d Cir. Jan. 5, 2001).............................................6, 10

*Quinn v. Green Tree Credit Corp.,*
    159 F.3d 759 (2d Cir. 1998)..............................................................................7

*Reddington v. Staten Island University Hosp.,*
    511 F.3d 126 (2d Cir. 2007)..........................................................................4, 8

*Rivera-Powell v. New York City Bd. Of Elections,*
    470 F.3d 458 (2d Cir. 2006)..............................................................................8

*Siemon v. AT&T Corp.,*
    117 F.3d 1173 (10th Cir. 1997) ........................................................................5

*Stauffer v. Bayer Corp.,*
    1997 WL 588890 (N.D. Ill. July 21, 1997).......................................................5

*Stroman v. Blue Cross and Blue Shield Ass'n,*
    966 F. Supp. 9 (D.D.C. 1997) ...........................................................................5

*Thompson v. Federal Reserve Bank of New York,*
    2004 WL 330243 (S.D.N.Y. Feb. 23, 2004)...................................................10

*Weiler v. Household Finance Corp.*,
    101 F.3d 519 (7th Cir. 1996) .................................................................................. 5

*Wernick v. Federal Reserve Bank of New York*,
    91 F.3d 379 (2d Cir. 1996) ..................................................................................... 6

**Statutes And Regulations**

29 C.F.R. §1630.2 ........................................................................................................ 5

42 U.S.C. §1981 ........................................................................................................... 1

Rule 12(b)(6), Fed. R. Civ. P. ...................................................................................... 1

Rule 56(c), Fed. R. Civ. P. ........................................................................................... 1

## Preliminary Statement

This reply memorandum of law is respectfully submitted on behalf of Defendants SONY BMG and Barbara Warnock-Morgan in further support of their motion, pursuant to Rules 12(b)(6) and 56(c), Fed. R. Civ. P.[1]

Plaintiff's opposition papers confirm the misdirected, conclusory and insubstantial nature of her claims. Plaintiff fails to dispute the controlling authorities that emotional stress, which is related to the inability to work for a supervisor, does not state a claim of disability discrimination. Moreover, as stated in Defendants' Memo, the denial of disability benefits does not state a claim under the ADA or state law. Plaintiff does not challenge this fact.

Plaintiff has shunned addressing Defendants' arguments and authorities that she has not alleged a claim for national origin discrimination under federal or state law or a claim under 42 U.S.C. §1981. Similarly, Plaintiff concedes that the Title VII and ADA claims must be dismissed as to Warnock-Morgan, just as she has conceded the ineffectualness of raising her worker's compensation claims before this Court. Defendants consider all these claims abandoned by Plaintiff for purposes of this reply.

Finally, Plaintiff attempts to cure the absence of any factual allegations of racial discrimination in the Amended Complaint by making conclusory and contradictory allegations in her opposing affidavit that assume the existence of bias toward her solely on the racial identity of the protagonists. Such speculative allegations are insufficient even under the most liberal rules of pleading.

---

[1] The terms previously defined in the Memorandum of Law In Support Of Defendants' Motion To Dismiss Or, Alternatively, For Summary Judgment, dated February 7, 2008 ("Defendants' Memo") are incorporated herein.

Alternatively, Plaintiff's claims are summarily dismissible. Plaintiff does not address Defendants' arguments that she was required under the terms of the disability policy to assert her denial of benefits against the disability carrier, not SONY BMG. Plaintiff states that she is appealing the denial of such claims to CIGNA, tacitly admitting that such claims have nothing to do with Defendants, who are not alleged to have played any role in the determination.

As discussed below, Plaintiff's claims of racial discrimination are conclusory and belied by the record, including Plaintiff's own recorded statements.

### REPLY STATEMENT OF FACTS

Plaintiff's assertions in her opposition papers contradict the Amended Complaint and her own prior statements against interest. For example, Plaintiff alleges in the Amended Complaint that Warnock-Morgan became extremely hostile and confrontational with other staff members at a March 30, 2006 luncheon meeting and that she began to yell and curse at Plaintiff. Exhibit A to Williams Decl. at ¶¶22, 23. Plaintiff repeats these allegations, but now gratuitously adds: "All other staff members at this meeting were Caucasian," Harris Lee Decl. at ¶7, and that Warnock-Morgan "singled her out."[2] Plaintiff's Memo at 8.

These allegations entirely contradict her recorded statements to insurance investigators at which time Plaintiff stated that it was the **Caucasian staff members** who were the objects of Warnock-Morgan's anger, not her:

---

[2] " Harris Lee Decl." refers to the Declaration of Patricia Harris Lee, which is undated. Plaintiff's Memo refers to the Memorandum Of Law In Opposition To Defendant's Motion To Dismiss Or, Alternatively, For Summary Judgment.

2

> Q: Okay, now, during that meeting okay . . . is there any point where there might have been some type of outburst by Barbara?
>
> A: Yeah. Barbara got extremely angry at Rob's questioning and she started to raise her voice and use profanity. She stated that, you know, she had just had her baby checked out, was the exact term, and you know, she's emotional and you know, she just . . . it . . . yeah. Basically, she didn't understand why she was being questioned or why he questioned her.
>
> \* \* \*
>
> Q: Now, did anyone else have any any type of . . . or did Barbara have any other... uh, anger?
>
> A: She was . . . he was . . . she was showing signs of anger. She didn't . . . she stopped yelling at him. Rob asked him to stop yelling at him and cursing at him and she stopped. And I asked her, I just said, you know, Barbara calm down.
>
> \* \* \*
>
> Q: **Did you personally have any interaction with her as far as negatively?**
>
> A: **Not in the meeting. I had very little to say. I was...yes, not in the meeting. I had very little to say. I was pretty much listening.**

Exhibit B to Williams Decl. at 46-47 (emphasis added).

Despite this unequivocal testimony, Plaintiff makes the insupportable statement, as part of her conclusory allegations of racial discrimination, that: "Warnock-Morgan singled her out at the March 30, 2006 meeting and began to attack her. Harris Lee was the only non-Caucasian staff member at that meeting, and despite the fact that it was the other staff members who were badgering Warnock-Morgan, plaintiff bore the brunt of her wrath." Plaintiff's Memo at 8. As demonstrated in her own recorded words, Plaintiff's claim of racial animus is not only purely conjectural, but belied by her own statement of what transpired.

## THE AMENDED COMPLAINT SHOULD BE DISMISSED

Plaintiff bases her opposition to the dismissal motion on an entirely erroneous standard, arguing that a court may "'dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Plaintiff's Memo at 2, *quoting Gagliardi v. Village of Pawling*, 18 F.3d 188 (2d Cir. 1994).

The United States Supreme Court expressly rejected the standard relied on by Plaintiff in *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955 (2007) (*see* Defendants' Memo at 9, 10), holding that this standard "earned its retirement" and "is best forgotten." *Id.* at 1969. Instead, "[t]o survive dismissal, the plaintiff must provide the grounds upon which [her] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Reddington v. Staten Island University Hosp.*, 511 F.3d 126, 131 (2d Cir. 2007), *quoting ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) and *Bell Atlantic, supra*, __ U.S. at ___, 127 S. Ct. at 1965. *See also Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 2008 WL 219765 (S.D.N.Y. Jan. 24, 2008) at *1 ("bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations" sufficient to defeat the motion); *Gavish v. Revlon, Inc.*, 2004 WL 2210269 (S.D.N.Y. Sept. 30, 2004) at *10 (same).

The *Reddington* standard applies to discrimination claims. In addition to the cases cited in Defendants' Memo at 10, *see Cruz v. New York City Taxi*, 2007 WL 4243861 (E.D.N.Y. Nov. 29, 2007) at *2.

A.  **The Disability Discrimination Claims Must Be Dismissed**

Plaintiff never addresses the argument and the authorities holding that a stress-related inability to work under a particular supervisor does not state a claim for disability discrimination. Defendants' Memo at 11-12. In addition to the previously cited cases in this Circuit, *see Langford v. County of Cook*, 965 F. Supp. 1091, 1096 (N.D. Ill. 1997); *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 n.3 (3d Cir. 1998) ("we strongly suspect that a plaintiff who is unable to work with individuals who cause him 'prolonged and inordinate stress' cannot be said to be incapable of performing a 'class of jobs or a broad range of jobs in various classes'" *quoting* 29 C.F.R., §1630.2); *Siemon v. AT&T Corp.*, 117 F.3d 1173, 1176 (10th Cir. 1997) (plaintiff's "mental impairment merely prevent[ed] him from working under a few supervisors within the organizational structure of one major corporation," and he was therefore "not an 'individual with a disability'" under the ADA); *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 (7th Cir. 1996) ("Weiler's claim amounts to a charge that she is only unable to work if Skorupka is her boss . . . [W]hatever Weiler's problem was with Skorupka, it is not recognized as a disability under the ADA"); *Osika v. Board of Educ.*, 1999 WL 1044838 (N.D. Ill. Nov. 16, 1999) at *4; *Paleologos v. Rehab Consultants, Inc.*, 990 F. Supp. 1460, 1465 (N.D. Ga. 1998); *Stroman v. Blue Cross and Blue Shield Ass'n*, 966 F. Supp. 9, 11 (D.D.C. 1997), *aff'd*, 159 F.3d 637 (D.C. Cir. 1998); *Stauffer v. Bayer Corp.*, 1997 WL 588890 (N.D. Ind. July 21, 1997) at *9; *Palmer v. Circuit Ct. of Cook County*, 905 F. Supp. 499, 507 (N.D. Ill. 1995), *aff'd*, 117 F.3d 351 (7th Cir. 1997), *cert. denied*, 522 U.S. 1096, 118 S. Ct. 893 (1998).

Accepting as true Plaintiff's newly-raised claims that her doctor recommended that she be separated from Warnock-Morgan and that she requested a transfer – despite Plaintiff's recorded statement against interest which admits otherwise (Exhibit B to Williams Decl. at 88-89) – SONY BMG was not required to transfer Plaintiff, *Wernick v. Federal Reserve Bank of New York*, 91 F.3d 379, 384 (2d Cir. 1996), and, indeed, such a request is "presumptively unreasonable" when premised, as here, on a psychosomatic inability to work for a particular supervisor. *Potter v. Xerox Corp.* 88 F. Supp.2d 109 (W.D.N.Y. 2000), *aff'd*, 1 Fed. Appx. 34 (2d Cir. Jan 5, 2001).

Plaintiff fails to allege that she suffered an adverse employment action as a result of her purported disability. As the Amended Complaint and her opposition papers concede, Plaintiff's working conditions remained unchanged after her altercation with Warnock-Morgan. Plaintiff also fails to address the dispositive argument that the ADA, NYSHRL and NYCHRL do not recognize claims based on the denial of disability benefits. *See Dedyo v. Baker Eng'r New York, Inc.*, 1998 WL 9376 (S.D.N.Y. Jan. 13, 1998) at *12-13; *Fiscina v. New York City Dist. Council of Carpenters*, 401 F. Supp.2d 345, 356 (S.D.N.Y. 2005), *aff'd*, 206 Fed. Appx. 8 (2d Cir. Sept. 19, 2006).

Plaintiff alleges in her pleading that she continued to work "in the same capacity" as before her verbal altercation with Warnock-Morgan, and there were admittedly no further incidents. Exhibit A to Williams Decl. at ¶34. Such circumstances do not constitute a hostile workplace "permeated with discriminatory intimidation, ridicule and insult" that is "sufficiently severe or pervasive to alter the conditions" of employment. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370 (1993).

Plaintiff argues that the March 31, 2006 incident was sufficient by itself to constitute a hostile environment for purposes of her disability claim. Important here, Warnock-Morgan's actions at that time, however, could not have been discriminatorily directed at any disability because *Plaintiff was not suffering from any disability at the time of the incident*! Regardless of whether Warnock-Morgan acted inappropriately on that one occasion, an abusive action by a supervisor does not create a hostile work environment unless it is directed at an existing disability. *See Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir. 2002) (courts "must exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination. Otherwise, the federal courts will become a court of personnel appeals."). *See also Brightman v. Prison Health Serv., Inc.*, 2007 WL 1029031 (E.D.N.Y. Mar. 30, 2007) at *5 (conduct must be directed at protected status for hostile work environment claim); *Nakis v. Potter*, 2004 WL 2903718 (S.D.N.Y. Dec. 15, 2004) at *22 (same).

Finally, Plaintiff has not identified any protected activity she engaged in with respect to disabilities, or any adverse employment taken action by Defendants in response to such activities, as is necessary to sustain her retaliation claim under the ADA. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768-69 (2d Cir. 1998); *Harrison v. New York City Housing Auth.*, 2001 WL 1658243 (S.D.N.Y. Dec. 26, 2001) at *3 (granting motion to dismiss where facts alleged did not establish that alleged retaliation was based on protected activity in reference to her alleged disability).

B. **The Racial Discrimination Claims Must Be Dismissed**

The Amended Complaint contains no factual allegations that Defendants acted with a racial animus in their dealings with Plaintiff. In her Declaration, Plaintiff now

7

posits that she was the only non-Caucasian at the March 30, 2006 luncheon and identifies the personnel in the SONY BMG Human Resources department as being Caucasians. Plaintiff's attempt to create an inference of racial discrimination by adding these identifying characteristics is unavailing. Conclusory allegations, such as those, are insufficient "to raise a right to relief above the speculative level," as required to survive a motion to dismiss. *Bell Atlantic, supra,* __ U.S. __, 127 S. Ct. at 1965; *Reddington, supra; ATSI Commc'ns, supra.* To sustain her Title VII and related claims, Plaintiff must allege more than the mere fact that she falls within a protected status coupled with a conclusory allegation that Defendants discriminated against her. Defendants' Memo at 17. Thus, in *Cruz v. New York City Taxi, supra,* plaintiff alleged Title VII and Equal Protection claims on the naked allegation that the Taxi and Limousine Commission and the City of New York discriminated against him by failing to assist him with his taxi license because he was Hispanic. In dismissing the complaint, the court found: "plaintiff's complaint is purely conclusory. '[A] conclusory allegation of discrimination . . . [,] "which without evidentiary support or allegations of particularized incidents, does not state a valid claim" . . . cannot withstand a motion to dismiss,'" *quoting Rivera-Powell v. New York City Bd. Of Elections,* 470 F.3d 458, 470 (2d Cir. 2006) and *Kern v. City of Rochester,* 93 F.3d 38, 44 (2d Cir. 1996).

Finally, in opposing dismissal of her racial discrimination claims, Plaintiff adds the inscrutable argument that she has alleged that CIGNA, in affirming its denial of disability benefits, did not take notice of the radiologist's recommendation that a CT scan would give a more effective image because of Plaintiff's hair extensions. Plaintiff inappropriately states that this Court may consider facts included in exhibits to the

complaint or incorporated therein by reference. Plaintiff's Memo at 8. Plaintiff fails to explain how this detail has any bearing on her racial discrimination claims. If she is contending that the radiologist was racially biased, the radiologist is not employed by Defendants and, as discussed below, Defendants are not responsible for CIGNA's determination. Moreover, Plaintiff cites to Exhibit A to her Declaration which was neither attached to her complaint nor referenced therein. Rather, Exhibit A to her Declaration is a self-serving letter from her attorney to CIGNA seeking a second appeal of the insurer's denial of her disability benefits.

C.  **Plaintiff Fails To Allege Outrageous Conduct**

Plaintiff tersely defends her claim for the intentional infliction of emotional distress by alleging that Warnock-Morgan telephoned her after the altercation and asked her not to notify law enforcement. Assuming the telephone call was made, Plaintiff fails to acknowledge that such call was made by Warnock-Morgan to apologize for her overreaction, which was attributable to the medical and psychological consequences of her second miscarriage and related medical procedures of which Plaintiff was fully aware. Under the circumstances, Warnock-Morgan's apology would hardly be factual evidence of extreme and outrageous conduct to sustain this claim.

## DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT

In opposing summary judgment, Plaintiff does no more than recite the standards for such a motion and invite the Court to compare the parties' respective Local Rule 56.1 Statements. Plaintiff's Memo at 9-10. Plaintiff also claims that her appeal of the denial of her disability claims precludes summary judgment. The opposite is true.

Plaintiff ignores Defendants' authorities, including *Billinger v. Bell Atlantic*, 240 F. Supp.2d 274, 278 (S.D.N.Y. 2003) (J. McMahon), *aff'd*, 124 Fed. Appx. 669 (2d Cir. Jan. 21, 2005), *cert. denied*, 546 U.S. 843, 126 S. Ct. 90 (2005). *Billinger* holds that when a disability insurance policy, as here, gives complete discretion to the provider to determine benefits, one who is denied benefits must sue the **provider** after exhausting the provider's appeal process. Once that process is exhausted, the district court may review the **provider's** denial under the arbitrary and capricious standard. Plaintiff's effort to seek review of CIGNA's affirmance of its denial of disability benefits is an acknowledgement of these procedures. Plaintiff's remedy, if any, is against CIGNA, not Defendants, but only after she has exhausted her administrative remedies. Even if Plaintiff could properly seek relief against Defendants, her claim would be subject to dismissal as premature because her appeal remains unresolved.

The unrefuted facts establish, at best, that Plaintiff claims an inability to work under Warnock-Morgan's supervision. Such allegations do not support an ADA claim as a matter of law and fail to raise any material issue of racial discrimination. *Thompson v. Federal Reserve Bank of New York*, 2004 WL 330243 (S.D.N.Y. Feb. 23, 2004); *Potter, supra*. The record establishes that Defendants did not discriminate against Plaintiff, took no adverse employment action against her, did not create a hostile work environment, did not retaliate against her, and did not engage in any outrageous or shocking conduct. Summary dismissal is fully warranted. Defendants' Memo at 23-24.

## CONCLUSION

For all the foregoing reasons, SONY BMG and Warnock-Morgan respectfully request that the Court dismiss the Amended Complaint or grant them summary judgment.

Dated: March 17, 2008
       New York, New York

                                          JONATHAN D. DAVIS, P.C.

By: _____
    Jonathan D. Davis (JD 5712)
    99 Park Avenue
    Suite 1600
    New York, New York 10016
    (212) 687-5464
    Attorneys for Defendant SONY BMG MUSIC ENTERTAINMENT and Barbara Warnock-Morgan

11