UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
PATRICIA HARRIS LEE,                          :
                                              :    07 CV 6733 (CM)
                    Plaintiff,                :
                                              :    **DECLARATION OF**
        v.                                    :    **CLEMON WILLIAMS**
                                              :
SONY BMG MUSIC ENTERTAINMENT, INC.            :
and BARBARA WARNOCK-MORGAN,                   :
Individual,                                   :
                                              :
                    Defendants.               :
---------------------------------------------------------------x

CLEMON WILLIAMS declares as follows:

1. I am the Vice President of the Law Department of SONY BMG MUSIC ENTERTAINMENT ("SONY BMG"). I submit this declaration in support of Defendants' motion for the following relief: (i) pursuant to Rule 12(b)(6), Fed. R. Civ. P., dismissing the Second Amended Complaint, dated May 30, 2008 ("Second Amended Complaint"), a copy of which is attached hereto as Ex. A, or, (ii) alternatively, pursuant to Rule 56, granting summary judgment in favor of Defendants. I have personal knowledge of the matters contained in this declaration and, if called upon, I could and would testify to each of the statements made herein.

2. Plaintiff purports to re-allege for the third time federal and state anti-discrimination claims. This amended pleading does not cure the deficiencies found by this Court in the earlier pleading. The action stems entirely from a single, heated verbal altercation between Plaintiff and her immediate supervisor, Defendant Barbara Warnock-

Morgan. At the time, Ms. Warnock-Morgan was in a physically and emotionally distressed state, having recently suffered a second miscarriage.

3. As before, the Second Amended Complaint, however, fails to allege a single allegation that Ms. Warnock-Morgan engaged in any conduct prohibited by the anti-discrimination laws. The absence of any such discrimination is confirmed by the accompanying declaration of Ms. Warnock-Morgan, dated July 10, 2008 ("Warnock-Morgan Decl.") and by Plaintiff's own statements against interest, which were made in a recording taken by SONY BMG's independent workmen's compensation carrier, which is attached hereto as Ex. B.

4. SONY BMG did not engage in any discriminatory conduct toward Plaintiff either before or after the incident alleged in the Second Amended Complaint. The incident was thoroughly investigated by SONY BMG's Human Resources Department. As confirmed in the Second Amended Complaint, following the incident, Plaintiff remained employed "in the same capacity" as before, Ex. A at ¶34. No other incidents between Plaintiff and Ms. Warnock-Morgan were ever reported by Plaintiff, as confirmed by the absence of any such conduct alleged in the Second Amended Complaint.

5. Nevertheless, Plaintiff alleges that she continued to complain to Human Resources about working under Ms. Warnock-Morgan's supervision, which she contends has led to stress-related injuries and constituted a hostile work environment. There is not a single allegation in the Second Amended Complaint that the conditions of her employment were caused by discriminatory animus.

6. SONY BMG did not take any adverse employment action against Plaintiff at any time, and more specifically, because of the alleged incident or her application for

2

disability benefits. As discussed more fully below, Plaintiff applied for disability benefits through SONY BMG's independent disability insurance carrier. Her claim was denied by the carrier because Plaintiff voluntarily abandoned treatment for her psychosomatic disorders. The carrier found no basis for Plaintiff's refusal to return to work. This determination was made entirely by the carrier, as delegated under the then prevailing disability policy maintained by SONY BMG. Importantly, SONY BMG played no role in the decision to deny Plaintiff disability benefits. Despite the carrier's determination, Plaintiff has not returned to work and remains on unpaid medical leave. She was never terminated from her position.

7. Plaintiff's dispute with SONY BMG is as follows: (i) that she and Warnock-Morgan had an isolated, unpleasant encounter; (ii) that she is dissatisfied with SONY BMG's handling of the matter; and (iii) that she is not being paid medical leave. As discussed in the accompanying memorandum of law, Plaintiff has failed to state a claim for discrimination on the basis of disability and/or race under federal or state law. Moreover, as there are no genuine issues of material fact, summary judgment should be awarded in Defendants' favor dismissing the Second Amended Complaint.

8. Plaintiff began working for BMG Music Entertainment in 1991. Following the merger of BMG Music Entertainment and Sony Music in 2004, Plaintiff remained employed in the newly-constituted SONY BMG. In August 2005, Plaintiff was promoted to Associate Director of Advertising Marketing Department and was under the immediate supervision of Ms. Warnock-Morgan. Ex. A at ¶¶17, 20, and 21.

9. Prior to the incident alleged in the Second Amended Complaint, there were no previous disputes between Plaintiff and Ms. Warnock-Morgan, Ex. B at p. 62. On

3

March 31, 2005, they became engaged in a verbal argument late in the workday regarding an impromptu conference occurring the previous day, which involved sensitive matters concerning the merger of departments, positions and compensation. At the time of their verbal argument, Ms. Warnock-Morgan was recovering from a surgical procedure she had undergone earlier in the week. She had suffered her second miscarriage, which stemmed from an unsuccessful in vitro fertilization.

10. Plaintiff, in the course of the verbal altercation in a hallway at SONY BMG, accused Ms. Warnock-Morgan of being a hypocrite, attacked her professional skills, and admonished her for "taking things too personally." Warnock-Morgan Decl. at ¶5. Realizing that she was reacting emotionally to the situation, Ms. Warnock-Morgan attempted to withdraw from Plaintiff to avoid further unpleasantness and insults. However, Plaintiff pursued Ms. Warnock-Morgan to the elevator bank where the dispute culminated with Ms. Warnock-Morgan innocently raising her hands up in the air. Despite Plaintiff's allegation in the Amended Complaint that Ms. Warnock-Morgan "physically attacked" her, Ex. A at ¶25, by her own admission to SONY BMG's independent insurance investigators, Plaintiff's physical contact with Ms. Warnock-Morgan consisted of Plaintiff grasping Ms. Warnock-Morgan's hands with her own. Ex. B at pp. 52-57.

11. Plaintiff was admittedly not suffering any disability at the time of this encounter, as confirmed by the absence of any allegation to that effect in the Second Amended Complaint. Rather, as in her earlier pleadings, Plaintiff alleges that this encounter caused her subsequent traumatic injury that forms the basis of her disability claim. Accordingly, there is no allegation that Ms. Warnock-Morgan or anyone at SONY BMG discriminated against Plaintiff on the basis of any disability that she was suffering

prior to the incident. There also is no allegation that Ms. Warnock-Morgan engaged in any discriminatory conduct based on Plaintiff's race during this altercation or at any time before or after that incident.

12. SONY BMG did not discriminate or retaliate against Plaintiff and she has made no allegations of discrimination of any nature since reporting the incident. When asked what recourse she wanted the company to take, Plaintiff stated that Ms. Warnock-Morgan's supervisor should be informed of the altercation so the disciplinary process could follow its course. Plaintiff did not ask for a transfer or reassignment.

13. Adam Owett, Ms. Warnock-Morgan's supervisor, met with Ms. Warnock-Morgan on April 12, 2006. Although sympathetic to Ms. Warnock-Morgan's vulnerable physical and emotional state at the time of the incident, Mr. Owett verbally admonished and warned her that any further incident would result in disciplinary action, up to and including termination. Warnock-Morgan Decl. at ¶9.

14. Between March 31 and May 30, 2006, Plaintiff continued to perform her assigned job duties, and Ms. Warnock-Morgan continued as her supervisor without further incident. On May 30, 2006, Plaintiff went on medical leave and filed a claim for disability benefits with SONY BMG's disability carrier, CIGNA Life Insurance Company of New York ("CIGNA").

15. CIGNA's Group Disability Insurance Certificate, Exhibit C hereto, provides that, in accordance with the Employee Retirement Income Security Act (ERISA), "[t]he Plan Administrator has appointed the Insurance Company [CIGNA] as the named fiduciary for adjudicating claims for benefits under the Plan, and for deciding any appeals of denied claims. The Insurance Company shall have the authority, in its discretion, to

interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact. All decisions made by the Insurance Company shall be final and binding on Participants and Beneficiaries to the full extent permitted by law." Ex. C at p. 16. Thus, SONY BMG played no role in denying Plaintiff disability benefits.

16. The policy also provides that once a participant is disabled, he or she must "be under the care and treatment of a Physician" and that CIGNA will "not pay Disability Benefits for any period of Disability during which you…are not receiving Appropriate Care," Ex. C at pp. 4, 8, defined as "ongoing medical treatment and care of your Disability that conforms to generally accepted medical standards, including frequency of treatment and care." *Id.* at p. 12.

17. By letter dated June 30, 2006, Ex. D hereto, CIGNA advised Plaintiff that her claim for disability benefits was denied because Plaintiff failed to receive "Appropriate Care," as required by the Plan. Specifically, the letter relied upon the medical information furnished by Plaintiff's medical providers, which revealed that her back pain was a "psychosomatic issue" that did "not support an impairment from performing your occupation." The letter further stated that Plaintiff was referred to Dr. Paley Galst for treatment of post-traumatic stress disorder, but that she voluntarily discontinued psychotherapy treatment. Based on the review of the medical information by the nurse case manager and the associated medical doctor, the letter concluded that "the medical evidence does not support restrictions and limitations imposed of no work." Plaintiff was advised of her rights to appeal CIGNA's decision, which was not based on any input from or conclusion or opinion of SONY BMG.

18. Although she was found fit to resume her duties, Plaintiff did not return to work and remains on unpaid medical leave. She has never been terminated from SONY BMG's employ. Despite her claim that she was removed from SONY BMG's payroll on June 6, 2006, SONY BMG, in accordance with company policy, applied Plaintiff's compensable sick days, vacation days, and personal days to maintain her on payroll until July 10, 2006, the date when all of her compensable absences were exhausted. When her merit increase for July 2006 was processed, Plaintiff received all pay that she was entitled, including retroactive increases.

19. SONY BMG has not discriminated against Plaintiff on the basis of disability and/or race or for any other reason. Plaintiff does not set forth any facts of disability or racial discrimination practiced by SONY BMG against her. She neither identifies any adverse employment action taken by SONY BMG, nor does she explain how SONY BMG retaliated against her based on her altercation with Ms. Warnock-Morgan.

20. Consistent with its vigorous commitment to affording its employees a workplace free from discrimination and harassment, as set forth in its written policies on "Equal Employment Opportunity/Affirmative Action," "Diversity," "Accommodating Individuals With Disabilities," "Respectful Work Environment," and "Harassment-Free Workplace," copies of which are annexed hereto as Ex. E, SONY BMG has treated Plaintiff fairly and without discrimination.

21. SONY BMG and Ms. Warnock-Morgan have not violated any federal or state anti-discrimination statutes, nor have they engaged in any conduct that could support a claim for the intentional infliction of emotional distress.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed at New York, New York, on this 10th day of July 2008.

*[signature]*
CLEMON WILLIAMS