# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICIA HARRIS LEE,

                            Plaintiff,

                                                          **SECOND AMENDED**
                                                          **COMPLAINT**
            -against-

                                                          **07 CV 6733 (CM)**

SONY BMG MUSIC ENTERTAINMENT, INC.
and BARBARA WARNOCK-MORGAN,
Individual,                                               Jury Trial Demanded

                            Defendants.
------------------------------------------------------------X


        Plaintiff, PATRICIA HARRIS LEE, by and through her attorneys, The Law Office of

BORRELLI & ASSOCIATES, P.L.L.C., alleges, upon knowledge as to herself and her own

actions and upon information and belief as to all other matters, as follows:


                            **PRELIMINARY STATEMENT**


        This is an action for damages and injunctive relief brought against SONY BMG MUSIC

ENTERTAINMENT, INC. ("Defendant" or "Sony") by Plaintiff, a 40 year old African-

American female. During her employment, Plaintiff was the victim of, *inter alia*, discrimination

because of her race and/or disability and/or retaliation. Plaintiff was singled out and attacked by

her Caucasian supervisor, forced to work in a hostile environment subsequent to the attack, and

had repeated complaints regarding both the attack and the hostile work environment she was

working in post attack go ignored. The attack rendered Plaintiff disabled. Requests for a

reasonable accommodation for her disability also went ignored. Because Plaintiff was unable to

work in the hostile work environment, Plaintiff was eventually forced to go out on a leave of absence, i.e. constructively discharged. Sony then retaliated against Plaintiff by removing her from the payroll. The discrimination and/or retaliation also resulted in Plaintiff being denied short and long-term disability benefits and as well as initially being denied worker's compensation benefits.

## JURISDICTION AND VENUE

1.     This is a civil action based upon the Defendants' violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); the New York State Executive Law, Human Rights Law, § 290 et seq. ("NYSHRL"); the Administrative Code of the City of New York, § 8-801 et seq. ("NYCHRL"); the Civil Rights Act of 1871, 42 U.S.C. § 1981; and any other cause of action that can be inferred from the facts set forth herein.

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367, and 2201. The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state and local law causes of action.

3.     Venue is proper pursuant to 28 U.S.C. § 1391.

## PROCEDURAL REQUIREMENTS

4.    All conditions precedent to maintaining this action have been fulfilled.

5.    On or about July 18, 2006, Plaintiff filed a Verified Complaint Pursuant to Executive
      Law, Article 15 with the New York State Division of Human Rights ("NYSDHR"),
      NYSDHR Case No. 10112825, Federal Charge No. 16GA603889 alleging discrimination
      based on race/color, disability and retaliation.

6.    Plaintiff was subsequently issued a Notice of Right to Sue from the EEOC pursuant to
      this charge on April 30, 2007 (a copy of the Right to Sue letter is annexed hereto and
      marked as Exhibit "A").

7.    On or about December 23, 2006, Plaintiff filed a Charge of Discrimination with the Equal
      Employment Opportunity Commission ("EEOC") alleging discrimination based on race,
      sex, national origin, disability and retaliation within three hundred (300) days of the acts
      of which she complains.

8.    Plaintiff was subsequently issued a Notice of Right to Sue from the EEOC pursuant to
      this charge on June 1, 2007 (a copy of the Right to Sue letter is annexed hereto and
      marked as Exhibit "B").

9.      This action is filed within ninety (90) days of Plaintiff's receipt of both of the
aforementioned Right to Sue letters.

## PARTIES

10.     Plaintiff, at all times hereinafter mentioned, was and still is a resident of Hudson County,
New Jersey.

11.     Plaintiff is an African-American female.

12.     At all times relevant hereto, Plaintiff was an employee entitled to protection under the
under the ADA pursuant to 42 U.S.C. 12111(4); Title VII pursuant to 42 U.S.C. 2000e §
701(f); the NYSHRL under § 292(6); and § 8-101, et seq. of the NYCHRL.

13.     At all times hereinafter mentioned, Sony is a domestic corporation doing business in the
State of New York with principal offices located at 550 Madison Avenue, New York, NY
10022.

14.     At all times relevant hereto, Barbara Warnock-Morgan ("Warnock-Morgan") was an
employee of Sony working at 550 Madison Avenue, New York, NY 10022 with a last
known address of 489 Hicks Street #1, Brooklyn, NY 11201.

15.    At all times relevant hereto, Sony employs more than fifteen (15) individuals and is a "covered entity" within the meaning of the ADA.

16.    At all times relevant hereto, Sony is an employer of Plaintiff within the meaning of the ADA, 42 U.S.C. § 12111(5); Title VII, 42 U.S.C. § 2000e (b); NYSHRL § 292(5) and the NYCHRL § 802(5).

## FACTS

17.    Sony hired Plaintiff as a Promotion Assistant on or about September 1991.

18.    While working at Sony, Plaintiff's performance was consistently satisfactory.

19.    During the course of her employment, Plaintiff was never written up or disciplined formally, informally or otherwise.

20.    As of 2005, Plaintiff assumed the position of Associate Director of Advertising Management in the Advertising and Marketing Services Department.

21.    On or about March 30, 2006, a departmental meeting took place with Plaintiff, her immediate supervisor, Warnock-Morgan and management staff.  Plaintiff was the only African American employee at said meeting.  All other employees and staff at the

-5-

meeting were Caucasian.    Plaintiff was the only African American in the Sony
Advertising Department at the time.

22.    During this meeting, Warnock-Morgan became extremely hostile, angry and
       confrontational with members of the management staff.

23.    Unprovoked, Warnock-Morgan yelled and cursed at the Plaintiff.

24.    On or about March 31, 2006, Warnock-Morgan singled out Plaintiff because of her race
       and accused her of orchestrating the March 30, 2006 departmental meeting in Warnock-
       Morgan's absence (Warnock-Morgan was out of the office) in an effort to undermine her
       management decisions.    This claim was unsubstantiated.

25.    Warnock-Morgan then, unprovoked, physically attacked Plaintiff causing her to sustain
       back, neck and psychological injuries.    Warnock-Morgan did not physically attack any
       Caucasian staff members.

26.    As a result of the March 31, 2006 incident, Plaintiff immediately suffered extreme
       physical pain in her back and was severely emotionally distraught.

27.    Shortly after the attack, Warnock-Morgan left a message on Plaintiff's answering
       machine asking for her forgiveness for the attack, asking her not to call the "people with

the big nets" to come and get her and blaming the attack on steroid medications she was taking.

28.    On or about April 3, 2006, Plaintiff reported the attack to Kathleen Kelly ("Kelly"), Caucasian and Dan Alcock ("Alcock"), Caucasian in the Human Resources Department. Plaintiff also notified Alcock and Kelly that she was suffering from physical and psychological pain as a result of the incident. She requested that she be separated from working with Warnock-Morgan as working with her would exacerbate her emotional and psychological condition.

29.    Despite Plaintiff's request, Warnock-Morgan retained her position of direct authority over Plaintiff.

30.    On or about April 3, 2006, three (3) days following the attack on Plaintiff, Warnock-Morgan again singled out Plaintiff and accused her of orchestrating the March 30, 2006 departmental meeting in Warnock-Morgan's absence. Warnock-Morgan did not single out any other members of her staff, all Caucasian.

31.    Sony has a zero tolerance against violence in the workplace and such acts usually result in the immediate termination of the attacker.

32.    Sony has a policy that prohibits the use of any controlled substance while on company premises. All employees are obligated to report any drug use, legal or illegal, that may

-7-

prohibit job performance or fitness for duty. Violation of this policy may result in immediate termination or suspension without pay.

33.  Despite the attack and violations of Sony policies, upon information and belief, no disciplinary action was taken against Warnock-Morgan.

34.  After the attack, Plaintiff was forced to work in the same capacity as Associate Director under the direct supervision of Warnock-Morgan. Further, she was asked to cover Warnock-Morgan's duties for one (1) week while Warnock-Morgan took an unscheduled vacation.

35.  From on or about April 4, 2006 to May 26, 2006, Plaintiff sent emails and made telephone calls to Kelly continually voicing her fears and her discomfort at working hand-in-hand on a daily basis with Warnock-Morgan. This attempted contact went unanswered. Plaintiff's calls and emails consistently requested an accommodation in the form of being separated from Warnock-Morgan and informed SONY that being forced to work under the supervision of Warnock-Morgan was exacerbating her mental condition.

36.  At one point, Kelly told Plaintiff that she needed to endure through her work assignments with Warnock-Morgan, make herself more accessible to Warnock-Morgan and to make sure to report her comings and goings to Warnock-Morgan in addition to awaiting for the outcome of their investigation into the assault. Plaintiff was never informed of any resolution of the investigation.

-8-

37.    Each day she came to work after the attack, Plaintiff feared for her safety and well-being. The lack of support from the Human Resource Department compounded Plaintiff's condition. The fact that she was the only African American also made her feel stranded.

38.    On or about April 14, 2006, Plaintiff's doctor diagnosed her with physical and psychological injuries, including but not limited to: segmental dysfunction of the cervical and thoracic spine and post traumatic stress disorder.

39.    These conditions began subsequent to and as a result of the attack and substantially limit Plaintiff's ability to work in any job and also substantially limited her ability to lift, bend, sleep, think, concentrate and interact with others.

40.    That same day, on or about April 14, 2006, Plaintiff's treating physician Dr. Bassel personally spoke with Sony's Nurse Practitioner explaining Plaintiff's need for an accommodation for her disability, i.e. to be separated from Warnock-Morgan.

41.    Sony did not accommodate Plaintiff nor engage in an interactive process regarding accommodating her.

42.    On or about May 30, 2006, Plaintiff took a medical leave of absence on the advice of her physician.

43.    Because of Plaintiff being forced to work under Warnock-Morgan after the attack and
       Sony's refusal to accommodate her or even address her concerns, Plaintiff became non-
       responsive to the medical treatments she was receiving.

44.    Plaintiff was forced to go on leave because the emotional stress of working in a hostile
       work environment, along with being ignored by Sony and its Human Resources
       Department, and the fear of working with Warnock-Morgan was further exacerbating
       Plaintiff's mental and physical condition.

45.    On or about June 6, 2006, Plaintiff learned that she had been removed from Sony's
       payroll, with the exception of vacation pay for fifteen (15) days in June.  Plaintiff has not
       received any paychecks since this date.

46.    On or about July 30, 2006, Plaintiff was diagnosed by her doctor with Reactive Anxiety
       Disorder and traumatic cervical, thoracic and lumbosacral pain syndrome with spasm.

47.    These conditions exacerbated her existing conditions that were a result of the attack and
       further limited Plaintiff's ability to work in any job, lift, bend, sleep, think, concentrate
       and interact with others.

48.    Because of Sony's objections, Plaintiff applied for short-term disability and was denied
       by Sony's insurance carrier.  As per Sony's policy, based on her disability, Plaintiff was

-10-

entitled to receive ninety percent (90%) of her salary while out on leave through her short-term disability policy.

49.    Due to Sony's objections, Plaintiff's long-term disability has been denied. Plaintiff is currently in the process of exhausting her administrative appeals.

50.    Due to Sony's objections, Plaintiff's worker's compensation benefits were initially denied. However, they were eventually awarded and in February 2007, Plaintiff was deemed to have a full disability by the New York State Worker's Compensation Board.

51.    In addition, subsequent to being denied disability benefits in June 2006, Plaintiff did not receive a copy of the company's disability policy despite numerous requests until her previous counsel providing her with a copy in October 2007.

## COUNT I

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, 42 U.S.C. SECTION 12101, DISABILITY DISCRIMINATION AND RETALIATION

52.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53.    Plaintiff is an employee and a qualified person with a disability within the three- pronged definition of Title I of the ADA.

-11-

54.    Plaintiff suffers from Traumatic Cervical, Thoracic and Lumbosacral Pain Syndrome with Spasm, segmental dysfunction of the cervical and thoracic spine, Server Reactive Anxiety Disorder, Post Traumatic Stress Disorder and Depression.

55.    Sony is an employer that employs more than fifteen (15) employees within the meaning of Title I of the ADA.

56.    Sony discriminated against Plaintiff on the basis of a disability that substantially affects one or more major life activities and/or because of her record of impairment by, *inter alia,*

A. Constructively terminating Plaintiff's employment;

B. Forcing Plaintiff to work in a hostile environment;

C. Refusing to accommodate Plaintiff because her disability.

57.    Sony retaliated against Plaintiff because of her complaints and opposition to discrimination.

WHEREFORE, Plaintiff demands judgment against Sony for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court

-12-

grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## COUNT II

## DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE AND RETALIATION IN VIOLATION OF THE NYSHRL

58. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. Plaintiff is a person with a disability within the meaning of the NYSHRL.

60. Sony discriminated against Plaintiff as set forth in Count I above based upon Plaintiff's disability that substantially affects one or more major life activities and/or because of her record of impairment and thereby violated Plaintiff's employment rights under the NYSHRL.

61. Warnock-Morgan "aided" and "abetted" the discriminatory practices of Sony.

62. Defendants discriminated and retaliated against Plaintiff because of her complaints and opposition to discrimination.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief,

-13-

reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## COUNT III

### DISABILITY DISCRIMINATION, FAILURE
### TO ACCOMMODATE AND RETALIATION IN VIOLATION OF THE NYCHRL

63.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64.     Plaintiff is a person with a disability within the meaning of the NYCHRL.

65.     Sony discriminated against Plaintiff as set forth in Count I above based upon Plaintiff's disability that substantially affects one or more major life activities and/or because of her record of impairment and thereby violated Plaintiff's employment rights under the NYCHRL.

66.     By reason of Sony's violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with her employment in addition to suffering physical, emotional and other damages.

67.     Sony discriminated and retaliated against Plaintiff because of her complaints and opposition to discrimination.

-14-

WHEREFORE, Plaintiff demands judgment against Sony for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## COUNT IV

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 DISCRIMINATION, HARASSMENT AND RETALIATION

68.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69.    Sony has discriminated against Plaintiff with respect to terms and conditions of her employment on the basis of her race and have subjected her to a hostile environment all in violation of Title VII of the Civil Rights Act of 1964.

70.    Plaintiff complained to Sony about the harassment and discrimination she experienced and otherwise opposed practices made unlawful by Title VII.

71.    Sony discriminated and retaliated against Plaintiff because of her complaints and opposition to discrimination.

72.     As a proximate cause of Sony's acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages as set forth above.

73.     Sony's actions were done with malice and with reckless indifference to Plaintiff's federally protected rights.

        WHEREFORE, Plaintiff demands judgment against Sony for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law.  It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## COUNT V

### VIOLATION OF THE NYSHRL
### DISCRIMINATION, HARASSMENT AND RETALIATION

74.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75.     Defendants have discriminated against Plaintiff with respect to terms and conditions of her employment on the basis of her race and have subjected her to a hostile environment all in violation of the NYSHRL.

-16-

76.    Plaintiff complained to Defendants about the harassment and discrimination she
       experienced and otherwise opposed practices made unlawful by the New York State
       Human Rights Law.

77.    Warnock-Morgan "aided" and "abetted" the discriminatory practices of Sony.

78.    Defendants discriminated and retaliated against Plaintiff because of her complaints and
       opposition to discrimination.

79.    As a proximate cause of Defendants' acts and omissions, Plaintiff has in the past and will
       in the future suffer damages as set forth above.

       WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all
compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief,
reinstatement and any other damages permitted by law.  It is further requested that this Court
grant reasonable attorneys' fees and the costs and disbursements of this action and any other
relief to which Plaintiff is entitled.

## COUNT VI

## VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW § 807 ET SEQ.
## DISCRIMINATION, HARASSMENT AND RETALIATION

80.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with
       the same force and effect as if more fully set forth herein.

81.     Sony has discriminated against Plaintiff with respect to terms and conditions of her
        employment on the basis of her race and have subjected her to a hostile environment all
        in violation of the NYCHRL.

82.     Plaintiff complained to Sony about the harassment and discrimination she experienced
        and otherwise opposed practices made unlawful by the NYCHRL.

83.     Sony discriminated and retaliated against Plaintiff because of her complaints and
        opposition to discrimination.

84.     As a proximate cause of Sony's acts and omissions, Plaintiff has in the past and will in
        the future suffer damages as set forth above.

        WHEREFORE, Plaintiff demands judgment against Sony for, where applicable, all
compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief,
reinstatement and any other damages permitted by law.  It is further requested that this Court
grant reasonable attorneys' fees and the costs and disbursements of this action and any other
relief to which Plaintiff is entitled.

## COUNT VII

## VIOLATION OF 42 U.S.C. SECTION 1981

85.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with
       the same force and effect as if more fully set forth herein.

86.    Defendants by their racially motivated discriminatory and retaliatory conduct as outlined
       above violate the Thirteenth Amendment to the Constitution as protected by 42 U.S.C. §
       1981.

87.    As a proximate cause of Defendants' acts and omissions, Plaintiff has in the past and will
       in the future suffer damages.

       WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all
compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief,
reinstatement and any other damages permitted by law.  It is further requested that this Court
grant reasonable attorneys' fees and the costs and disbursements of this action and any other
relief to which Plaintiff is entitled.

-19-

## **JURY DEMAND**

COMES NOW the Plaintiff and through her attorneys, hereby requests a trial by jury in

the above-captioned matter.

Dated: Carle Place, New York
       May 30, 2008

Respectfully submitted,

The Law Office of
BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel. (516) 248 - 5550
Fax. (516) 248 - 6027


By:_____/s/_____
    MICHAEL J. BORRELLI (MB 8533)


To:    Jonathan D. Davis
       Jonathan D. Davis, PC
       99 Park Avenue
       New York, NY 10016

-20-

EEOC Form 161 (3.98)                          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Patricia Harris-Lee
66 Lexington Avenue
Jersey City, NJ 07304

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

☐    On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2006-03889 | Holly M. Woodyard, Investigator | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability, as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐    While reasonable efforts were made to locate you, we were not able to do so.

☐    You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒    Other (briefly state)          Charging Party to Pursue Matter in Federal Court.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that back pay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

Enclosures(s)

6/1/07
(Date Mailed)

cc:    SONY BMG MUSIC ENTERTAINMENT, INC.
550 Madison Avenue
New York, NY 10022
Attn: Human Resource Director

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMI...

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Patricia Harris - Lee
66 Lexington Avenue
Jersey City, NJ 07304

From:  **New York District Office**
33 Whitehall Street
5th Floor
New York, NY 10004

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-01172 | Patricia M. Araujo, Investigator | (212) 336-3681 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

04/30/07
*(Date Mailed)*

Enclosures(s)

cc:  **SONY BMG MUSIC ENTERTAINMENT, INC.**
Director H.R./Legal Dept.
550 Madison Avenue
New York, NY 10022

Andre G. Travieso, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175