## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
PATRICIA HARRIS LEE,                          :
                                                        07 CV 6733 (CM)
                          Plaintiff,          :

              v.                              :

SONY BMG MUSIC ENTERTAINMENT, INC.   :
and BARBARA WARNOCK-MORGAN,
Individual,                                   :

                          Defendants.   :
-----------------------------------------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

JONATHAN D. DAVIS, P.C.
99 Park Avenue
Suite 1600
New York, New Your 10016
(212) 687-5464
Attorneys for Defendants
SONY BMG MUSIC ENTERTAINMENT
and Barbara Warnock-Morgan

## **TABLE OF CONTENTS**

Preliminary Statement.................................................................................................................1

BACKGROUND FACTS.............................................................................................................4

   A.  The Second Amended Complaint ............................................................................4

   B.  Facts Relative To Summary Judgment ...................................................................7

ARGUMENT..............................................................................................................................11

POINT I
THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED .......................11

   A.  Governing Standards.............................................................................................11

      1. The Disability Discrimination Claims Must Be Dismissed...............................12

      2. The Racial Discrimination Claims Must Be Dismissed ....................................16

      3. Leave To Amend Should Be Denied ................................................................21

POINT II
DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT .................................22

CONCLUSION..........................................................................................................................25

# TABLE OF AUTHORITIES

**Cases**                                                                              **Page(s)**

*Alfano v. Costello*,
    294 F.3d 365 (2d Cir. 2002)............................................................................. 19-20

*Alfarone v. Bernie Wolff Constr. Corp.*,
    788 F.2d 76 (2d Cir.), *cert. denied*, 479 U.S. 915 (1986)................................15 n.2

*Amron v. Morgan Stanley Inv. Advisors Inc.*,
    464 F.3d 338 (2d Cir. 2006)..................................................................................18

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 106 S. Ct. 2505 (1986)..................................................................22

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*,
    2008 WL 219765 (S.D.N.Y. Jan. 24, 2008) ........................................................11

*Batlidze v. Harris Beach L.L.P.*,
    2008 WL 2009385 (S.D.N.Y. May 8, 2008) ........................................................23

*Bell Atlantic Corp. v. Twombly*,
    __ U.S. __, 127 S. Ct. 1955 (2007)................................................................. 11-12

*BellSouth Telecomms., Inc. v. W. R. Grace & Co.*,
    77 F.3d 603 (2d Cir. 1996)....................................................................................22

*Billinger v. Bell Atlantic*,
    240 F. Supp. 2d 274 (S.D.N.Y. 2003)...................................................................24

*Boyce-Idlett v. Verizon Corporate Services Corp.*,
    2007 WL 2589445 (S.D.N.Y. Aug. 30, 2007)............................................16 n.3, 25

*Brightman v. Prison Health Serv. Inc.*,
    2007 WL 1029031 (E.D.N.Y. Mar. 30, 2007)...........................................16, 19, 20

*California Motor Transp. Co. v. Trucking Unlimited*,
    404 U.S. 508, 92 S. Ct. 609 (1972)......................................................................11

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 106 S. Ct. 2548 (1986)............................................................. 22-23

*Cruz v. New York City Taxi*,
    2007 WL 4243861 (E.D.N.Y. Nov. 29, 2007).......................................................18

*Dedyo v. Baker Eng'r New York, Inc.*,
   1998 WL 9376 (S.D.N.Y. Jan. 13, 1998) ......................................................15, 24

*Demirovic v. Building Service 32 B-J Pension Fund*,
   467 F.3d 208 (2d Cir. 2006).................................................................................25

*Demoret v. Zegarelli*,
   451 F.3d 140 (2d Cir. 2006).................................................................................19

*Edwards v. City of New York*,
   2005 WL 3466069 (S.D.N.Y. Dec. 19, 2005) ......................................................24

*Fiscina v. New York City Dist. Council of Carpenters*,
   401 F. Supp. 2d 345 (S.D.N.Y. 2005),
   *aff'd*, 206 Fed. Appx. 8 (2d Cir. Sept. 16, 2006) ..............................................15, 24

*Frasier v. General Elec. Co.*,
   930 F.2d 1004 (2d Cir. 1991)...............................................................................11

*Fuller v. J.P. Morgan Chase & Co.*,
   423 F.3d 104 (2d Cir. 2005)..................................................................................25

*Gavish v. Revlon, Inc.*,
   2004 WL 2210269 (S.D.N.Y. Sept. 30, 2004).......................................................12

*Giordano v. City of New York*,
   274 F.3d 740 (2d Cir. 2001)...................................................................................12

*Harris v. Forklift Sys., Inc.*,
   510 U.S. 17, 114 S. Ct. 367 (1993).................................................................. 19-20

*Harrison v. New York City Housing Authority*,
   2001 WL 1658243 (S.D.N.Y. Dec. 26, 2001) ......................................................16

*Iqbal v. Hasty*,
   490 F.3d 143 (2d Cir. 2007)..................................................................................12

*James v. Federal Reserve Bank of New York*,
   2005 WL 1889859 (E.DN.Y. Aug. 8, 2005),*adhered to*
   *on reconsideration*, 471 F. Supp. 2d 226 (E.D.N.Y. 2007) ............................12, 19

*Kato v. Ishihara*,
   239 F. Supp. 2d 359 (S.D.N.Y. 2002),
   *aff'd*, 360 F.3d 106 (2d Cir. 2004) .......................................................................17

*Kennedy v. Empire Blue Cross and Blue Shield,*
     989 F.2d 588 (2d Cir. 1993)..............................................................................15 n.2

*Kern v. City of Rochester,*
     93 F.3d 38 (2d Cir. 1996).........................................................................................18

*Leonelli v. Pennwalt Corp.,*
     887 F.2d 1195 (2d Cir. 1989)...................................................................................25

*Maniscalco v. TAC Americas Comprehensive Healthcare Plan,*
     325 F. Supp. 2d 383 (S.D.N.Y. 2004)..............................................................15 n.2

*Martin v. New York State Dept. of Mental Hygiene,*
     588 F.2d 371 (2d Cir. 1978).....................................................................................20

*Mathura v. Council For Human Services Home Care Services, Inc.,*
     1996 WL 157496 (S.D.N.Y. April 2, 2006) ...........................................................23

*Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.,*
     475 U.S. 574, 106 S. Ct. 1348 (1986).....................................................................22

*Meiri v. Dacon,*
     759 F.2d 989 (2d Cir. 1985).....................................................................................23

*Milford v. New York City Bd. of Health,*
     2005 WL 195561 (E.D.N.Y. Jan 27, 2005) ............................................................24

*Nakis v. Potter,*
     2004 WL 2903718 (S.D.N.Y. Dec. 15, 2004) ........................................................20

*Pace v. Paris Maintenance Co.,*
     107 F. Supp. 2d 251 (S.D.N.Y. 2000),
     *aff'd,* 7 Fed. Appx. 94 (2d Cir. 2001) ....................................................................12

*Pacific Health Advantage v. Cap Gemini Ernst & Young,*
     2007 WL 2619052 (S.D.N.Y. Sept. 6, 2007)...........................................................11

*Patane v. Clark,*
     508 F.3d 106 (2d Cir. 2007)......................................................................................12

*Pimentel v. Citibank, N.A.,*
     29 A.D.3d 141, 811 N.Y.S.2d 381 (1st Dep't 2006) ..............................................13

*Podell v. Citicorp Diners Club, Inc.,*
     112 F.3d 98 (2d Cir. 1997)........................................................................................22

*Potter v. Xerox Corp.*
  88 F. Supp. 2d 109 (W.D.N.Y., 2000),
  *aff'd*, 1 Fed. Appx. 34 (2d Cir. Jan. 5, 2001)....................................................14, 23

*Prince v. Cablevision Sys. Corp.*,
  2005 WL 1060373 (S.D.N.Y. May 6, 2005) ........................................................19

*Quinn v. Green Tree Credit Corp.*,
  159 F.3d 7598 (2d Cir. 1998)...........................................................................16, 19

*Rivera-Powell v. New York City Bd. Of Elections*,
  470 F.3d 458 (2d Cir. 2006)..................................................................................18

*Rowe Entertainment, Inc. v. William Morris Agency, Inc.*,
  1999 WL 335139 (S.D.N.Y. May 26, 1999) ........................................................21

*Russo-Lubrano v. Brooklyn Federal Sav. Bank*,
  2007 WL 121431 (E.D.N.Y. Jan. 12, 2007) .........................................................18

*Salahuddin v. Cuomo*,
  861 F.2d 40 (2d Cir. 1988).....................................................................................18

*Scannell v. Metropolitan Life Ins. Co.*,
  2003 WL 22722954 (S.D.N.Y. Nov. 18, 2003).....................................................25

*Schachter v. U.S. Life Ins. Co. in City of New York*,
  77 Fed. Appx. 41 (2d Cir. 2003)...........................................................................21

*Silberstein v. Advance Magazine Publishers, Inc.*,
  988 F. Supp. 391 (S.D.N.Y. 1997) .......................................................................24

*Smith v. Xerox Corp.*,
  196 F.3d 358 (2d Cir. 1999)...................................................................................17

*Straker v. Metropolitan Transit Authority*,
  333 F. Supp. 2d 91 (E.D.N.Y. 2004) ....................................................................18

*Thompson v. Federal Reserve Bank of New York*,
  2004 WL 330243 (S.D.N.Y. Feb. 23, 2004)..........................................................23

*Tomka v. Seiler Corp.*,
  66 F.3d 1295 (2d Cir. 1995)...................................................................................19

*United States v. Kozminski*,
  487 U.S. 931, 108 S. Ct. 2751 (1988)....................................................................21

*Weinstock v. Columbia Univ.*,
224 F.3d 331 (2d Cir. 2000)...................................................................................23

*Wernick v. Federal Reserve Bank of New York*,
91 F.3d 379 (2d Cir. 1996).....................................................................................14

*Whyte v. Contemporary Guidance Servs.*,
2004 WL 1497560 (S.D.N.Y. July 2, 2004) ...................................................... 17-18

*X-Men Security, Inc. v. Pataki*,
983 F. Supp. 101 (E.D.N.Y. 1997) .........................................................................20

*Yusuf v. Vassar College*,
35 F.3d 709 (2d Cir. 1994).....................................................................................20

**Statutes:**

Rule 12(b)(6), Fed. R. Civ. P. ...................................................................................1, 11, 20

Rule 56(c), Fed. R. Civ. P. ...............................................................................................1, 22

29 C.F.R. §1630.2(j)(3)(i)....................................................................................................13

42 U.S.C. §1203(a) ..............................................................................................................16

42 U.S.C. §1981 ............................................................................................ 7, 17, 20-21, 24

## Preliminary Statement

This memorandum of law is respectfully submitted on behalf of Defendants SONY BMG MUSIC ENTERTAINMENT, INC. ("SONY BMG") and Barbara Warnock-Morgan ("Warnock-Morgan") in support of their motion, pursuant to Rule 12(b)(6), Fed. R. Civ. P., for an order dismissing with prejudice the Second Amended Complaint, dated May 30, 2008 ("Second Amended Complaint"), for failure to state a claim upon which relief can be granted, in accordance with this Court's decision and order, filed May 15, 2008 (the "Order"). Alternatively, pursuant to Rule 56(c), Defendants are entitled to summary judgment dismissing the Second Amended Complaint.[1]

Plaintiff has had three chances to properly allege causes of action under the federal and state discrimination laws. She has failed to do so, while Defendants have been forced to bear the financial burden and stigma of defending themselves against baseless accusations involving sensitive societal issues involving race and disability.

Astonishingly, Plaintiff has disregarded this Court's explicit admonition in its Order not to replead a disability claim based on a contention that the disability resulted from some other form of discrimination. The Court stated that "such allegations go to damages on her underlying discrimination claim." In addition, the Court unequivocally stated that, if Plaintiff did not cure this deficiency in an amended pleading, the disability claims would be dismissed with prejudice. Order at 11, 14.

---

[1] In the Order, without discussion, the Court sustained the race discrimination claims. Order at 11. However, because Plaintiff has filed an amended pleading, which, among other things, fails to reconcile the inconsistencies between her prior complaint and her affidavit, Defendants again move to dismiss the race discrimination claims, as they are insufficiently pled and fail as a matter of law under Second Circuit authority.

1

Despite the Court's admonition, Plaintiff has alleged that Defendant Warnock-Morgan's supposedly racially-motivated attack rendered her disabled, and that Defendants discriminated against her on the basis of this "disability." Second Amended Complaint, Ex. A to the Declaration of Clemon Williams, dated July 10, 2008 ("Williams Decl."), at ¶26. In addition, Plaintiff's realleged claims for injuries based on the stress of working under a particular supervisor have already been found by this Court to fail to state a claim under the Americans With Disabilities Act ("ADA").

Despite this Court's criticism of the First Amended Complaint, Order at 13, Plaintiff has made only cosmetic changes in the Second Amended Complaint, adding conclusory allegations regarding the race of certain individuals and her claim that SONY BMG did not respond adequately to her complaints.

Plaintiff, who identifies herself as "African-American," has dropped her claims based on national origin discrimination, following the dismissal by this Court of such claims in the First Amended Complaint. Similarly, Plaintiff has omitted her common law claim for the intentional infliction of emotional distress, which the Court dismissed with prejudice. Order at 13. Finally, Plaintiff has abandoned her Title VII and ADA claims against Defendant Warnock-Morgan, as a result of the Court's dismissal of those claims with prejudice. Order at 9.

Nevertheless, the Second Amended Complaint continues to insufficiently plead federal, state and local racial and disability discrimination claims. The gist of her complaint remains that as a result of a single, heated exchange with her supervisor, Defendant Warnock-Morgan, Plaintiff suffered severe emotional distress. After SONY BMG's third party insurance carrier denied her request for disability benefits, Plaintiff

2

failed to return to work. She remains in SONY BMG's employment on unpaid leave status.

Plaintiff's lone allegation that she suffered a stress-related disability because of an isolated encounter with her supervisor does not state a claim under federal or state statutes that provide remedies for the disabled. Her claim that she was denied disability benefits does not state a claim under the federal or state disability laws. Her retaliation claims are devoid of any factual allegations as to the manner in which Defendants retaliated against her.

Plaintiff's conclusory claims based on racial discrimination fail to contain a single factual allegation that Defendants engaged in any racially discriminatory conduct. Plaintiff's hostile work environment claims, which are based on her subjective reaction to the same single encounter with Defendant Warnock-Morgan, are not based on discriminatory animus and do not approximate the severe or pervasive conditions necessary for such claims.

Dismissal of the Second Amended Complaint is also warranted under summary judgment standards. The determination to deny her disability benefits was made by SONY BMG's third party health insurance carrier under a delegation of authority to the carrier to decide such claims. The insurer determined that her ailments were psychosomatic and that, by her own choice, she was not receiving appropriate care as required by the disability plan for the payment of disability benefits. Moreover, Plaintiff has not proceeded against the proper party or under the proper legal theories with respect to a claim for denial of benefits, thus her claims must be dismissed as a matter of law.

3

The factual record, including Plaintiff's own recorded statements to SONY BMG's insurance carrier, reflects that there was a single, heated exchange between Plaintiff and Defendant Warnock-Morgan, while the latter was recovering from her second miscarriage and was physically and emotionally vulnerable, all facts known to Plaintiff. Contrary to her current allegations, Plaintiff told the insurance investigators that it was she who made physical contact with her supervisor.

The Second Amended Complaint is bereft of a single credible factual allegation that Defendant Warnock-Morgan acted with any discriminatory intent at the time of the incident or that SONY BMG acted inappropriately or with discriminatory intent in responding to it.

## BACKGROUND FACTS

### A.    The Second Amended Complaint

The Second Amended Complaint tracks Plaintiff's previous allegations that she is an African American, has been an employee of SONY BMG since 1991, and became an Associate Director in the Advertising Marketing Services Department in 2005, under the immediate supervision of Defendant Warnock-Morgan. Williams Decl., Ex. A at ¶¶11, 17, 20, 21.

As in her previous pleading, the Second Amended Complaint alleges that a departmental meeting took place in which Defendant Warnock-Morgan became hostile and confrontational with members of the staff and yelled and cursed at Plaintiff. Williams Decl., Ex. A at ¶¶22-23. Although the amended pleading now adds the superfluous detail that "[a]ll other employees and staff at the meeting were Caucasian," *Id.* at ¶21, there is no

allegation that Defendant Warnock-Morgan treated Plaintiff differently than the Caucasian employees.

Plaintiff further alleges that the next day, on March 31, 2006, Defendant Warnock-Morgan physically attacked Plaintiff causing her back, neck and psychological injuries. Williams Decl., Ex. A at ¶25. Although the pleading now adds the conclusory allegation that "Warnock-Morgan singled out Plaintiff because of her race," there is no claim that anyone else was present or treated differently. No facts are alleged in support of this conclusory statement.

These allegations entirely contradict her recorded statements to insurance investigators at which time Plaintiff stated that it was the **Caucasian staff members** who were the objects of Warnock-Morgan's anger, not her:

> Q: Okay, now, during that meeting okay . . . is there any point where there might have been some type of outburst by Barbara?
>
> A: Yeah.    Barbara got extremely angry at Rob's questioning and she started to raise her voice and use profanity. She stated that, you know, she had just had her baby checked out, was the exact term, and you know, she's emotional and you know, she just . . . it . . . yeah. Basically, she didn't understand why she was being questioned or why he questioned her.
>
> * * *
>
> Q: Now, did anyone else have any any type of . . . or did Barbara have any other… uh, anger?
>
> A: She was . . . he was . . . she was showing signs of anger. She didn't . . . she stopped yelling at him. Rob asked him to stop yelling at him and cursing at him and she stopped. And I asked her, I just said, you know, Barbara calm down.
>
> * * *
>
> Q: **Did you personally have any interaction with her as far as negatively?**

5

> A: **Not in the meeting. I had very little to say. I was…yes, not in the meeting. I had very little to say. I was pretty much listening.**

Williams Decl., Ex. B at 46-47 (Emphasis added).

There is no allegation that Defendant Warnock-Morgan's behavior was based on any discriminatory intent. Indeed, the Second Amended Complaint again alleges that Defendant Warnock-Morgan gave an unsolicited apology to Plaintiff for her outburst and blamed the medications she was taking in connection with her fertility circumstances. Williams Decl., Ex. A at ¶27.

Plaintiff alleges that she reported the incident to the Human Resources Department on April 3, 2006. Williams Decl., Ex. A at ¶28. She makes the entirely conclusory allegation that, subsequent to the attack, she was forced to work in a "hostile work environment," Williams Decl., Ex. A at ¶¶69, 75, 81, without providing a single detail as to how the environment was hostile or differed from her previous routine. Indeed, the Second Amended Complaint repeats the previous allegation that, after the incident, Plaintiff continued "to work in the same capacity as Associate Director under the direct supervision of Warnock-Morgan." *Id.* at ¶34.

Although the Second Amended Complaint alleges that Plaintiff continued to complain to the Human Resources Department regarding her "displeasure at working hand-in-hand on a daily basis with Warnock-Morgan," Williams Decl., Ex. A at ¶35, there is no allegation that Plaintiff even requested a reassignment or transfer.

The pleading also implies that SONY BMG somehow ignored its zero tolerance policy against drugs or violence in the workplace. However, it does not allege that Defendant Warnock-Morgan took any controlled substances *in the workplace* or that they

were unlawfully used. Furthermore, the Second Amended Complaint does not allege that Plaintiff and Defendant Warnock-Morgan were treated differently with respect to these policies.

Finally, the Second Amended Complaint alleges that on May 30, 2006 – two months after the incident – she took a medical leave of absence on her physician's advice. She alleges she was denied short-term and long-term disability "[b]ecause of Sony's objections," Williams Decl., Ex. A at ¶¶48-49, and that, for the same reason, her worker's compensation benefits "were initially denied." *Id.* at ¶50. Plaintiff does not dispute that she received all of the worker's compensation benefits that she was entitled.

Based on these facts, Plaintiff purports to allege disability claims under the ADA (Count I), the New York State Human Rights Law ("NYSHRL") (Count II), and the New York City Human Rights Law ("NYCHRL") (Count III). Without making a single factual allegation about discrimination directed at her race, Plaintiff also purports to allege claims based on her race under Title VII of the Civil Rights Act (Count IV), the NYSHRL (Count V), and the NYCHRL (Count VI). Finally, Plaintiff purports to include an omnibus claim under 42 U.S.C. §1981 based upon Defendants' "discriminatory and retaliatory conduct as described above" (Count VII), without any further elaboration.

## B.    Facts Relative To Summary Judgment

The pertinent facts mandating summary judgment in Defendants' favor and dismissing the Second Amended Complaint are set forth in the Williams Decl. and the Declaration of Defendant Warnock-Morgan ("Warnock-Morgan Decl."), dated July 10, 2008. The incontestable facts establish that Defendants did not engage in any illegal discrimination against Plaintiff, and that the only adverse employment action Plaintiff

7

experienced – the denial of her claim for disability benefits – was self-inflicted and based on the determination of SONY BMG's insurance carrier, CIGNA.

Plaintiff and Defendant Warnock-Morgan had an emotionally-charged argument on March 31, 2008. It was, in part, a carry-over from the previous day when members of the Creative Group ambushed Warnock-Morgan with questions concerning the status of their employment positions in the aftermath of a rumored departmental merger. Warnock-Morgan Decl. at ¶4. Plaintiff raised the March 30 meeting and other matters with Defendant Warnock-Morgan. Plaintiff accused Defendant Warnock-Morgan of being hypocritical, attacked her professional skills, and told her she took things "too personally."

Realizing that she was reacting emotionally, Defendant Warnock-Morgan attempted to withdraw from Plaintiff to avoid further unpleasantness and insults. However, Plaintiff pursued Defendant Warnock-Morgan to the elevator bank where the dispute culminated in Defendant Warnock-Morgan innocently raising her hands in the air to signal Plaintiff to end her verbal onslaught. Despite Plaintiff's allegation that Defendant Warnock-Morgan "physically attacked" her, William Decl., Ex. A at ¶25, by her own admission at her taped interview with third party insurance investigators, the physical contact between the two women consisted only of Plaintiff, at her own instigation, grasping hands with Defendant Warnock-Morgan. Williams Decl., Ex. B at 52-57.

Plaintiff was not suffering any disability at the time of this encounter. Rather, Plaintiff alleges that this encounter **caused** her subsequent traumatic injury that was the basis of her disability claim. There is no plausible allegation that Defendant Warnock-Morgan or anyone at SONY BMG discriminated against Plaintiff on the basis of any

8

disability she was suffering prior to the incident. There also is no plausible allegation that Defendant Warnock-Morgan engaged in any discrimination based on Plaintiff's race during this altercation or at any time before or after.

SONY BMG did not discriminate or retaliate against Plaintiff in any manner. Plaintiff made no allegations of discrimination of any nature after reporting the incident. When asked what action should be taken by the company, Plaintiff stated that she wanted Defendant Warnock-Morgan's supervisor to be informed of the verbal altercation, stating "where ever it goes from there it goes." Williams Decl. at ¶11. Plaintiff did not ask for a transfer or reassignment following her encounter with Defendant Warnock-Morgan. *Id.*

Adam Owett, Defendant Warnock-Morgan's supervisor, met with Defendant Warnock-Morgan on April 12, 2006 and verbally admonished and warned her that any further incident like the one reported by Plaintiff would result in disciplinary action, which could include termination. Warnock-Morgan Decl. at ¶9.

Thereafter, Plaintiff continued to perform her assigned job duties, and Defendant Warnock-Morgan continued as her supervisor without further incident. On May 30, 2006, Plaintiff took medical leave of absence and filed a claim for disability benefits with SONY BMG's disability carrier, CIGNA Life Insurance Company of New York ("CIGNA").

CIGNA's Group Disability Insurance Certificate, Williams Decl., Ex. C (the "Plan"), provides that, in accordance with the Employee Retirement Income Security Act (ERISA):

> The Plan Administrator has appointed the Insurance Company
> [CIGNA] as the named fiduciary for adjudicating claims for
> benefits under the Plan, and for deciding any appeals of denied
> claims. The Insurance Company shall have the authority, in its
> discretion, to interpret the terms of the Plan, to decide questions of
> eligibility for coverage or benefits under the Plan, and to make any

> related findings of fact. All decisions made by the Insurance
> Company shall be final and binding on Participants and
> Beneficiaries to the full extent permitted by law.

*Id.* at 16.

The policy also provides that once a participant is disabled, he or she must "be under the care and treatment of a Physician" and that CIGNA will "not pay Disability Benefits for any period of Disability during which you . . . are not receiving Appropriate Care," *Id.* at 4, 8, defined as "ongoing medical treatment and care of your Disability that conforms to generally accepted medical standards, including frequency of treatment and care." *Id.* at 12.

CIGNA denied Plaintiff's claim for disability benefits based on Plaintiff's failure to receive "Appropriate Care," as required by the Plan. Williams Decl., Ex. D. Specifically, the denial letter relied upon the medical information furnished by Plaintiff's medical providers, which revealed that her back pain was a "psychosomatic issue" that did "not support an impairment from performing your occupation." The letter further stated that Plaintiff was referred to Dr. Paley Galst for treatment of post-traumatic stress disorder, but that she voluntarily discontinued psychotherapy treatment. Based on the review of the medical information by the designated health care professionals, the letter concluded that "the medical evidence does not support restrictions and limitations imposed of no work." Plaintiff was advised of her rights to appeal CIGNA's decision, which was not based on any input from, or conclusions or opinions of, SONY BMG.

Although she was found fit to resume her duties, Plaintiff did not return to work and remains on unpaid medical leave. Despite her claim that she was removed from SONY BMG's payroll on June 6, 2006, Williams Decl., Ex. A at ¶45, SONY BMG

10

applied Plaintiff's compensable sick days, vacation days and personal days to maintain her on payroll until July 10, 2006, the date when all of her compensable absences were exhausted. When her merit increase for July 2006 was processed, Plaintiff received all pay that she was entitled, including retroactive increases. Williams Decl. at ¶17. She has never been terminated by SONY BMG.

**ARGUMENT**

**POINT I**

**THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED**

### A.  Governing Standards

In ruling on a motion to dismiss under Rule 12(b)(6), a district court is required to accept the material facts alleged in the complaint as true. *Frasier v. General Elec. Co.*, 930 F.2d 1004 (2d Cir. 1991); *Pacific Health Advantage v. Cap Gemini Ernst & Young*, 2007 WL 2619052 (S.D.N.Y. Sept. 6, 2007) at *2 (McMahon, J.). The complaint must also be read generously, drawing all reasonable inferences in favor of the plaintiff. *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S. Ct. 609, 614 (1972); Order at 7.

However, while a complaint need not contain detailed factual allegations, the plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007); *Pacific Health Advantage*, *supra. See also Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 2008 WL 219765 (S.D.N.Y. Jan. 24, 2008) at *1 ("bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations" sufficient to

11

defeat the motion); *Gavish v. Revlon, Inc.*, 2004 WL 2210269 (S.D.N.Y. Sept. 30, 2004) at *10 (same). Rather, a plaintiff must *assert* "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic* at 1974. *See also Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (applying *Bell Atlantic* to discrimination claims); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) ("'plausibility standard'...obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*"); Order at 8-9.

## 1. The Disability Discrimination Claims Must Be Dismissed

In order to establish a disability discrimination claim, a plaintiff must allege that (1) her employer is subject to the ADA; (2) she suffers a disability within the meaning of the ADA; (3) she is otherwise qualified to perform the essential functions of the position, with or without reasonable accommodation; and (4) she suffered an adverse employment action because of her disability. *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001); *James v. Federal Reserve Bank of New York*, 2005 WL 1889859 (E.D.N.Y. Aug. 8, 2005) at *9, *adhered to on reconsideration*, 471 F. Supp. 2d 226 (E.D.N.Y. 2007). Plaintiff's NYSHRL and NYCHRL claims are subject to the same requirements. *Pace v. Paris Maintenance Co.*, 107 F. Supp. 2d 251, 266 (S.D.N.Y. 2000), *aff'd*, 7 Fed. Appx. 94 (2d Cir. 2001).

This Court has already concluded that Plaintiff's claims of "back, neck, and psychological injuries" and "emotional distress" did not state a claim under the ADA because the "inability to work under a particular supervisor does not constitute an independent claim for disability discrimination" under the statute. Order at 9. Plaintiff,

nevertheless, repeats this allegation unaltered in the Second Amended Complaint. Williams Decl., Ex. A at ¶25.

While Plaintiff now alleges that her psychological injuries "substantially limit Plaintiff's ability to work in any job," *Id.* at ¶39, her allegations, which are based entirely on her subjective reaction to her supervisor, do not meet the criteria for disability discrimination under the ADA as a matter of law. The "inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. §1630.2(j)(3)(i). Moreover, Plaintiff's claim that she was limited in her ability to work in any job is belied by her claim that SONY BMG failed to accommodate her by separating her from Defendant Warnock-Morgan.

In dismissing the First Amended Complaint, this Court cited numerous cases where the courts dismissed ADA claims where the alleged physical or psychological impairment was the result of the inability to work for a particular supervisor. Order at 9-10.

Plaintiff does not allege that, notwithstanding her claimed disability, she was otherwise qualified to perform her job with or without reasonable accommodation under the third prong of a disability claim. Although she alleges that SONY BMG refused to accommodate her because of her disability, she does not allege that she requested or was denied any accommodation, or what the nature of such accommodation might be. *See, e.g., Pimentel v. Citibank, N.A.*, 29 A.D.3d 141, 148, 811 N.Y.S.2d 381 (1st Dep't 2006) (plaintiff must establish that she proposed a reasonable accommodation and that the defendant refused to make such accommodation). Even assuming Plaintiff requested a transfer to another department under a different supervisor, or as she now alleges that she

13

"be separated from Warnock-Morgan," Williams Decl., Ex. A at ¶40, that is not a reasonable accommodation under the ADA and, indeed, is a presumptively unreasonable request. *See, e.g., Wernick v. Federal Reserve Bank of New York*, 91 F.3d 379, 384 (2d Cir. 1996); *Potter v. Xerox Corp.* 88 F. Supp. 2d 109, 114 (W.D.N.Y. 2000), *aff'd*, 1 Fed. Appx. 34 (2d Cir. Jan. 5, 2001).

Accepting as true Plaintiff's allegation that Defendant Warnock-Morgan "physically attacked" her, Williams Decl., Ex. A at ¶25, there is again no precedent allegation that the attack was an act of discrimination based on any disability that she already was facing. Indeed, Plaintiff does not allege that she had any disability before the incident.    Instead, Plaintiff claims the incident was the cause of her stress-related disability.

This Court dismissed all disability claims asserted in the First Amended Complaint under federal, state and local law because Plaintiff did not allege discrimination on the basis of a disability, but, at best, alleged that she became disabled as a result of the incident with Defendant Warnock-Morgan. Such allegations, as the Court explained, do not state an independent claim for disability discrimination: "If plaintiff alleges that as a result of discrimination she suffered some physical injury or emotional damage, the Court will dismiss the disability claim; again, such allegations go to damages on her underlying discrimination claim." Order at 11. Despite being granted leave to amend, Plaintiff has not corrected her previously defective claims. Thus, Counts I, II and III of the Second Amended Complaint must be dismissed with prejudice.

Plaintiff also fails to allege that she suffered an adverse employment action as a result of her disability.    As the Second Amended Complaint makes clear, Plaintiff's

14

working conditions **remained unchanged** after her dispute with Defendant Warnock-Morgan. Williams Decl., Ex. A at ¶34. Although the pleading alleges that she was denied short and long-term disability benefits, and her worker's compensation benefits were delayed as a result of SONY BMG's objections, these allegations do not support a claim for relief under the ADA, the NYSHRL, or the NYCHRL. For example, in *Dedyo v. Baker Eng'r New York, Inc.*, 1998 WL 9376 (S.D.N.Y. Jan. 13, 1998) at *12-*13, the court dismissed ADA and NYSHRL disability claims holding that "a simple denial of entitlement does not state a claim under the ADA. Congress did not intend to federalize all claims of improper withholding of disability benefits, and we decline to adopt a rule that would compel that result." *See also Fiscina v. New York City Dist. Council of Carpenters*, 401 F. Supp. 2d 345, 356 (S.D.N.Y. 2005), *aff'd*, 206 Fed. Appx. 8 (2d Cir. Sept. 16, 2006) ("[p]laintiff has presented no authority that a mere denial of disability benefits can properly be construed as a discrimination claim under the ADA, and [the court] is not persuaded that such a claim is proper."[2]

Similarly, Plaintiff's generalized and unsubstantiated claims in Counts I, II and III that Defendants retaliated against her because of her "complaints and opposition to discrimination" are also insufficiently pleaded. Williams Decl., Ex. A at ¶¶57, 62, 67. No

---

[2] Plaintiff's claims pertaining to the improper denial of disability benefits would have to be maintained against the insurer under ERISA and only after she exhausted the insurer's appeal process. *Kennedy v. Empire Blue Cross and Blue Shield*, 989 F.2d 588, 593-94 (2d Cir. 1993); *Alfarone v. Bernie Wolff Constr. Corp.*, 788 F.2d 76, 79 (2d Cir.), *cert. denied,* 479 U.S. 915 (1986); *Maniscalco v. TAC Americas Comprehensive Healthcare Plan*, 325 F. Supp. 2d 383, 387 (S.D.N.Y. 2004) (McMahon, J.). The Second Amended Complaint acknowledges that "[p]laintiff is in the process of exhausting her administrative appeals." Williams Decl., Ex. A at ¶49. Because the only adverse actions that Plaintiff has allegedly suffered are the denial of disability benefits, her claims are prematurely asserted against the wrong parties and under the wrong statute.

15

facts are alleged in support of these bald assertions, which are only included in those counts.

In order to state a claim for retaliation under the disability discrimination laws, a plaintiff must allege that the retaliation was directed at an activity protected under the statute and that there was a causal connection between the protected conduct and the adverse employment action. 42 U.S.C. §1203(a); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768 (2d Cir. 1998). Plaintiff does not allege what protected activity she engaged in, or whether it related to her opposing disability discrimination. *See, e.g., Harrison v. New York City Housing Authority*, 2001 WL 1658243 (S.D.N.Y. Dec. 26, 2001) at \*3 (granting motion to dismiss where facts alleged did not establish that alleged retaliation was based on protected activity in reference to her alleged disability). *See also Brightman v. Prison Health Serv. Inc.*, 2007 WL 1029031 (E.D.N.Y. Mar. 30, 2007) at \*7.

Accordingly, the alleged denial of disability benefits does not constitute retaliation under the ADA.[3]

## 2. **The Racial Discrimination Claims Must Be Dismissed**

In Count IV of the Second Amended Complaint, Plaintiff alleges that Defendants discriminated and retaliated against her on the basis of her race in violation of Title VII of the Civil Rights Act. Williams Decl., Ex. A at ¶69. She repeats this allegation with reference to the NYSHRL and the NYCHRL in Counts V and VI. In Count VII, she

---

[3]   *See, e.g., Boyce-Idlett v. Verizon Corporate Services Corp.*, 2007 WL 2589445 (S.D.N.Y. Aug. 30, 2007) at \*9, where the district court explained: "The plaintiff believes, erroneously, that requesting and taking a disability leave of absence are activities protected by the ADA's anti-retaliation provision. However, asserting and exercising one's contractual rights to fringe benefits is not the same and does not qualify as opposing an employer's acts or practices made unlawful by ADA or participating in any manner in an investigation, proceeding, or hearing under ADA."

alleges, without more, that Defendants' racially motivated discriminatory and retaliatory conduct violated the Thirteenth Amendment to the Constitution as protected by Title 42 U.S.C. §1981.

Title VII prohibits discrimination in employment on the basis of race. NYSHRL and NYCHRL "are analyzed identically to claims under . . . Title VII." *Smith v. Xerox Corp.*, 196 F.3d 358, 363 (2d Cir. 1999).

The Second Amended Complaint contains no factual allegations with respect to any discriminatory conduct directed at Plaintiff's race. While the pleading alleges that Defendants retaliated against her because of her "complaints and opposition to discrimination," no facts are pleaded regarding any complaints based on her race, African-American, or in what manner Defendants purportedly retaliated against her (*i.e.*, specific retaliatory acts or conduct) for complaining about purported discrimination directed at her. *See, e.g., Kato v. Ishihara*, 239 F. Supp. 2d 359, 364 (S.D.N.Y. 2002), *aff'd*, 360 F.3d 106 (2d Cir. 2004); *Whyte v. Contemporary Guidance Servs.*, 2004 WL 1497560 (S.D.N.Y. July 2, 2004) at *3 (retaliation claim inadequately pled "as there are no retaliatory acts alleged in the complaint").

Indeed, the only complaints Plaintiff allegedly made to SONY BMG's management were in reference to the stress of continuing in her position, Williams Decl., Ex. A at ¶35, which related, at best, to her alleged disability, but not to any claim of racial discrimination.

In order to survive a motion to dismiss her Title VII and related claims, Plaintiff must allege more than the mere fact that she falls within a protected status coupled with a conclusory allegation that Defendants discriminated against her. She must allege the

17

"facts necessary to support a finding of liability." *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343-44 (2d Cir. 2006). *See also Salahuddin v.Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *Russo-Lubrano v. Brooklyn Federal Sav. Bank*, 2007 WL 121431 (E.D.N.Y. Jan. 12, 2007) at \*4; *Whyte, supra*, 2004 WL 1497560 at \*3 (dismissing Title VII complaint that failed to "provide notice of the relevant facts underlying [the] discrimination claims"); *Straker v. Metropolitan Transit Authority*, 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004) (a count "which contains no facts supporting the grounds upon which [the] claim of race discrimination rests, must be dismissed").

Thus, in *Cruz v. New York City Taxi*, 2007 WL 4243861 (E.D.N.Y. Nov. 29, 2007) at \*2, plaintiff purported to allege Title VII and Equal Protection claims on the naked allegation that the Taxi and Limousine Commission and the City of New York discriminated against him by failing to assist him with his taxi license because he was Hispanic. In dismissing the complaint, the court ruled that "plaintiff's complaint is purely conclusory. '[A] conclusory allegation of discrimination . . . [,] which without evidentiary support or allegations of particularized incidents, does not state a valid claim . . . cannot withstand a motion to dismiss,'" *quoting Rivera-Powell v. New York City Bd. Of Elections*, 470 F.3d 458, 470 (2d Cir. 2006) and *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996).

As in *Cruz*, Plaintiff's isolated allegation that Defendant Warnock-Morgan singled her out because of her race is purely conclusory and without evidentiary support, as is her allegation that SONY BMG discriminated against her by failing to take some undefined action against Defendant Warnock-Morgan.

Plaintiff's conclusory invocation of the term "hostile work environment" in her pleading alleges no facts of discriminatory conduct directed at any protected status, much less the severe and pervasive conduct necessary to sustain such a claim. *See, e.g., Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768 (2d Cir. 1998); *Prince v. Cablevision Sys. Corp.*, 2005 WL 1060373 (S.D.N.Y. May 6, 2005) at *10. As the Second Amended Complaint states, after the altercation with Defendant Warnock-Morgan, Plaintiff continued "in the same capacity" as before. Williams Decl., Ex. A at ¶34. Such allegations fail to describe a workplace "permeated with discriminatory intimidation, ridicule and insult" that is "sufficiently severe or pervasive to alter the conditions" of employment. *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370 (1993). *See also Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1305 (2d Cir. 1995).

In contrast to the foregoing authorities, Plaintiff admits that her working conditions remained the same after the incident and does not allege that she was in any manner subject to discriminatory intimidation, ridicule or insult – let alone a work environment that was sufficiently severe or pervasive to alter her conditions of employment.

The district courts in the Second Circuit have routinely dismissed hostile work environment claims at the pleading stage "where the alleged conduct was not severe or pervasive enough to warrant relief." *James, supra*, 2005 WL 1889859 at *7. *See also Brightman v. Prison Health Serv. Inc.*, 2007 WL 1029031 (E.D.N.Y. Mar. 30, 2007) at *5; *Prince v. Cablevision Systems Corp.*, 2005 WL 1060373 (S.D.N.Y. May 6, 2005) at *9. Plaintiff's subjective experience of a hostile work environment is insufficient as a matter

19

of law. As the Supreme Court has explained, "[c]onduct that is not severe or pervasive enough to create an **objectively** hostile or abusive work environment – an environment that a reasonable person would find hostile or abusive – is beyond Title VII's purview." *Harris*, 510 U.S. at 21, 144 S. Ct. at 367 (emphasis added).

While a single extremely outrageous act could overcome the need to show pervasive misconduct, the act must have been directed at the employee's protected status. *Brightman, supra*; *Nakis v. Potter*, 2004 WL 2903718 (S.D.N.Y. Dec. 15, 2004) at *22. Otherwise, as the Second Circuit stated in *Alfano*, the federal courts would be overwhelmed:

> Everyone can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are harsh, unjust, and rude. It is therefore important in hostile work environment claims to exclude from consideration personnel decisions that lack a linkage to the claimed ground of discrimination. Otherwise, the federal courts will become courts of personnel appeals.

294 F.3d at 377. Defendant Warnock-Morgan's outburst, whether physical and/or verbal, was not directed at any status of Plaintiff that is protected by the anti-discrimination statutes. Indeed, Plaintiff alleges that Defendant's outburst was precipitated by Plaintiff having schemed behind her supervisor's back in organizing her colleagues against her.

Plaintiff's perfunctory Count VII claim based on §1981 is unsupported by any factual allegations of racial animus, which are obligatory for stating such a claim. *See, e.g., Yusuf v. Vassar College*, 35 F.3d 709, 713 (2d Cir. 1994); *Martin v. New York State Dept. of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978) ("complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Act, fails to state a claim under Rule 12(b)(6)"); *X-Men*

*Security, Inc. v. Pataki*, 983 F. Supp. 101, 108 (E.D.N.Y. 1997); *Rowe Entertainment, Inc. v. William Morris Agency, Inc.*, 1999 WL 335139 (S.D.N.Y. May 26, 1999) at *8.

Plaintiff's attempt to tie her §1981 to the Constitution's Thirteenth Amendment is baseless, as their can be no claim that Plaintiff was involuntarily employed by SONY BMG. *See, e.g., United States v. Kozminski*, 487 U.S. 931, 943, 108 S. Ct. 2751 (1988); *Schachter v. U.S. Life Ins. Co. in City of New York*, 77 Fed. Appx. 41 (2d Cir. 2003) (where "employment is voluntary, there has been no violation of the Thirteenth Amendment's prohibition against slavery").

### 3. Leave To Amend Should Be Denied

The Court in its Order partially dismissing the First Amended Complaint granted Plaintiff leave to amend. However, the Court noted that Plaintiff has already filed one amended pleading, and therefore stated: "[s]o, the next complaint will be the last complaint." Order at 13.

The Second Amended Complaint is a rehash of the previous pleading and fails to reconcile the inconsistencies between her previous pleading and Plaintiff's opposition to the prior motion, as recommended by the Court. *Id.* The Second Amended Complaint squanders the opportunity to replead by again alleging disability discrimination that is nothing more than a claim that some other non-detailed form of discrimination caused her damages, despite the direction of the Court that such a pleading would be dismissed.

The Second Amended Complaint also continues to allege disability claims premised on an inability to work for a single supervisor in defiance of this Court's ruling that such allegations do not state a claim under the ADA. Thus, in the face of Plaintiff's

refusal or failure to address her pleading deficiencies, the disability claims should be dismissed with prejudice.

Similarly, the racial discrimination claims fail to allege facts sufficient to create a plausible claim for discrimination. As this Court concluded that the Second Amended Complaint would be the last pleading, all claims should now be dismissed with prejudice.

## POINT II

## DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT

Pursuant to Rule 56(c), Fed. R. Civ. P., summary judgment is appropriate where the evidence offered demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2553.

The district court must consider the evidence and draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986). However, a party opposing summary judgment may not rest upon mere conclusory allegations or denials, but must bring forward some affirmative indication that her version of relevant events is not fanciful. *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 101 (2d Cir. 1997). *See also Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986) (a nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *BellSouth Telecomms., Inc. v. W. R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996). Accordingly, a party opposing summary judgment must "go beyond the pleadings

22

and by her own affidavits or by the 'depositions, answers to interrogatories and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U. S. at 324, 106 S. Ct. at 2553.

There is no genuine issue of fact raised by Plaintiff's claims. The indisputable facts, as well as the Second Amended Complaint, establish, at best, that Plaintiff claims to be unable to work under Defendant Warnock-Morgan's supervision. Such allegations do not support an ADA claim as a matter of law. *Thompson v. Federal Reserve Bank of New York*, 2004 WL 330243 (S.D.N.Y. Feb. 23, 2004) (granting summary judgment where plaintiff's disability was based on stress of working with supervisor); *Potter v. Xerox Corp.*, 88 F. Supp. 2d 109 (W.D.N.Y. 2000) (granting defendant's motion for summary judgment where ADA claim was based on inability to work for supervisor and plaintiff failed to establish he could continue to work with reasonable accommodation); *Batlidze v. Harris Beach L.L.P.*, 2008 WL 2009385 (S.D.N.Y. May 8, 2008) at *5 (summary judgment appropriate where Plaintiff alleged that she could no longer work on asbestos litigation team, but did not identify available alternative position).

The record establishes that Defendants did not discriminate against Plaintiff on any basis, took no adverse employment action against her, did not create a hostile work environment, and did not retaliate against her. The courts have routinely granted summary judgment dismissing similar claims even where the facts were far more favorable to plaintiffs than those alleged here. *See, e.g.*, *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (plaintiff in a discrimination case must offer "concrete particulars" to substantiate the claim); *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985); *Mathura v. Council For Human Services Home Care Services, Inc.*, 1996 WL 157496 (S.D.N.Y.

April 2, 2006) (granting summary judgment on Title VII retaliation claim in the absence of any factual basis); *Milford v. New York City. Bd. of Health*, 2005 WL 195561 (E.D.N.Y. Jan 27, 2005) (summarily dismissing Title VII and ADA claims based on national origin, hostile work environment and retaliation); *Edwards v. City of New York*, 2005 WL 3466069 (S.D.N.Y. Dec. 19, 2005) (granting summary judgment on §1981 and hostile work environment claims where plaintiff failed to establish genuine issue of fact regarding alleged racial discrimination); *Silberstein v. Advance Magazine Publishers, Inc.*, 988 F. Supp. 391 (S.D.N.Y. 1997) (summarily dismissing Title VII and intentional infliction of emotional distress claims).

As discussed previously, Plaintiff lacks any claim against SONY BMG for the denial of benefits under the ADA. Thus, Defendants are entitled to summary judgment. *See Fiscina*, *supra*, 401 F. Supp. 2d 356-57; *Dedyo*, *supra*, 1998 WL 9376 at \*12-\*13. Moreover, in accordance with the disability plan with CIGNA, the Plan Administrator delegated to the insurance company the right to make "final and binding" decisions on benefits. Based upon Plaintiff's "medical evidence," CIGNA determined that Plaintiff was not receiving Appropriate Care, as required under the Plan, because she voluntarily discontinued therapy and because her condition did not support "restrictions and limitations" precluding her from working. Williams Decl., Ex. D.

As this Court ruled in *Billinger v. Bell Atlantic*, 240 F. Supp. 2d 274, 278 (S.D.N.Y. 2003) (McMahon, J.), when the provider, as here, is granted discretionary authority to determine eligibility for benefits, plaintiff's remedy, after exhausting the provider's appeal process, is to maintain an action against the provider. Such determinations are reviewed under the "arbitrary and capricious standard" and cannot be

disturbed unless the denial of benefits constitutes an "abuse of discretion." *Id. See also Demirovic v. Building Service 32 B-J Pension Fund*, 467 F.3d 208, 211 (2d Cir. 2006); *Fuller v. J.P. Morgan Chase & Co.*, 423 F.3d 104, 106-07 (2d Cir. 2005); *Scannell v. Metropolitan Life Ins. Co.*, 2003 WL 22722954 (S.D.N.Y. Nov. 18, 2003) at *4.

Under these circumstances, if Plaintiff intends to pursue her claim, she is required to maintain an ERISA action for the denial of disability benefits against CIGNA, and not Defendants, who took no part in the determination. *See, e.g, Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989) (denying leave to add ERISA claim as futile where proposed defendants did not have any discretionary authority regarding plan); *Boyce-Idlett, supra*, 2007 WL 2589445 at *11.

## CONCLUSION

For all the foregoing reasons, Defendants SONY BMG and Warnock-Morgan respectfully request that the Court dismiss the Second Amended Complaint for failure to state a claim or, alternatively, for summary judgment as to all counts, together with such other and further relief as the Court deems just and proper.

Dated:   July 11, 2008
         New York, New York

JONATHAN D. DAVIS, P.C.

By: _____
    Jonathan D. Davis (JD 5712)
    99 Park Avenue
    Suite 1600
    New York, New York 10016
    (212) 687-5464
    Attorneys for Defendants SONY
    BMG MUSIC ENTERTAINMENT
    and Barbara Warnock-Morgan