UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA HARRIS LEE, Plaintiff, v. SONY BMG MUSIC ENTERTAINMENT, INC. and BARBARA WARNOCK-MORGAN, Individual, Defendants. | 07 CV 6733 (CM) **RULE 56.1 STATEMENT** |

Pursuant to Rule 56.1 of this Court's Local Civil Rules, Defendant SONY BMG MUSIC ENTERTAINMENT, INC. ("SONY BMG") respectfully submits the following statement of material facts relevant to its motion for summary judgment as to which there are no genuine issues to be tried.

The indisputable facts, as revealed in the supporting Declaration of Clemon Williams, dated July 10, 2008 ("Williams Decl."), Declaration of Barbara Warnock-Morgan, dated July 10, 2008 ("Warnock-Morgan Decl."), and the Second Amended Complaint, dated May 30, 2008, establish that Defendants are entitled, pursuant to Rule 56, Fed. R. Civ. P., to summary judgment dismissing the Second Amended Complaint.

1. Plaintiff has been an employee of SONY BMG and its predecessor since 1991. Williams Decl., Ex. A at ¶17.

2. At the time of the filing of this action, Plaintiff served as Associate Director of the Advertising Marketing Department at SONY BMG. Williams Decl. at ¶8, and Ex. A thereto at ¶ 20.

3. Plaintiff and Defendant Warnock-Morgan had an emotionally-charged argument on March 31, 2006 (the "Verbal Altercation"). Williams Decl., Ex. A at ¶24; Warnock-Morgan Decl. at ¶¶5-7.

4. The Verbal Altercation was, in part, a carry-over from the previous day, March 30, 2006, when members of the SONY BMG Advertising Marketing Department sought answers from Defendant Warnock-Morgan at an impromptu meeting concerning the status of their employment positions in the aftermath of a rumored departmental merger. Warnock-Morgan Decl. at ¶4.

5. On March 31, 2006, at the SONY BMG building, Plaintiff accused Defendant Warnock-Morgan of being hypocritical, attacked her professional skills, and told her she took things "too personally." *Id.* at ¶5.

6. Defendant Warnock-Morgan attempted to withdraw from Plaintiff during the Verbal Altercation to avoid further unpleasantness and insults. *Id.* at ¶¶5-6.

7. Plaintiff would not relent, pursing Defendant Warnock-Morgan to the elevator bank where the Verbal Altercation culminated with Defendant Warnock-Morgan innocently raising her hands in the air to stop the verbal onslaught. *Id.* at ¶6.

8. Defendant Warnock-Morgan did not "physically" attack Plaintiff, as Plaintiff readily admitted during her taped interview with SONY BMG's insurance investigator wherein she stated that the physical contact between her and Defendant Warnock-Morgan consisted only of Plaintiff, at her instigation, grasping hands with Defendant Warnock-Morgan during the Verbal Altercation. *Id.* at ¶7; Williams Decl., Ex. B at 52-57.

9. Following the Verbal Altercation, Plaintiff continued "to work in the same capacity as Associate Director under the direct supervision of Warnock-Morgan." Williams Decl., Ex. A at ¶34.

10. Following the Verbal Altercation, Plaintiff complained to the Human Resources Department ("HR Department") regarding her "displeasure at working hand-in-hand on a daily basis with Warnock-Morgan." *Id.*, Ex. A at ¶35.

11. Plaintiff did not ask for a transfer or reassignment following the Verbal Altercation. Williams Decl. at ¶12.

12. On April 12, 2006, Adam Owett, Defendant Warnock-Morgan's direct supervisor, met with Defendant Warnock-Morgan and verbally admonished and warned her that any further incident like the one reported by Plaintiff would result in disciplinary action, up to and including termination. Warnock-Morgan Decl. at ¶9.

13. Following the Verbal Altercation, Plaintiff continued to perform her assigned job duties, and Defendant Warnock-Morgan continued as her supervisor without further incident. *Id.* at ¶10.

14. On May 30, 2006, Plaintiff took a medical leave of absence and filed a claim for disability benefits with SONY BMG's disability carrier, CIGNA Life Insurance Company of New York ("CIGNA"). Williams Decl. at ¶14.

15. CIGNA's Group Disability Insurance Certificate, Williams Decl. at Ex. C, provides that, in accordance with the Employee Retirement Income Security Act (ERISA), "[t]he Plan Administrator has appointed the Insurance Company [CIGNA] as the named fiduciary for adjudicating claims for benefits under the Plan, and for deciding any appeals of denied claims. The Insurance Company shall have the authority, in its discretion, to

interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact. All decisions made by the Insurance Company shall be final and binding on Participants and Beneficiaries to the full extent permitted by law." *Id.*, Ex. C at 16.

16. The CIGNA policy also provides that once a participant is disabled, he or she must "be under the care and treatment of a Physician" and that the CIGNA will "not pay Disability Benefits for any period of Disability during which you . . . are not receiving Appropriate Care," *Id.*, Ex. C at 4, 8, defined as "ongoing medical treatment and care of your Disability that conforms to generally accepted medical standards, including frequency of treatment and care." *Id.*, Ex. C at 12.

17. CIGNA denied Plaintiff's claim for disability benefits based on Plaintiff's failure to receive "Appropriate Care," as required by the Plan. Williams Decl., Ex. D.

18. The denial letter relied upon the medical information furnished by Plaintiff's medical providers, which revealed that her back pain was a "psychosomatic issue" that did "not support an impairment from performing your occupation." *Id.*

19. The denial letter further stated that Plaintiff was referred to Dr. Paley Galst for treatment of post-traumatic stress disorder, but that she voluntarily discontinued psychotherapy treatment. Based on the review of the designated health care professionals, the denial letter concluded that "the medical evidence does not support restrictions and limitations imposed of no work." *Id.*

20. Plaintiff was advised of her rights to appeal CIGNA's decision in the denial letter, which was not based on any input from, or conclusions or opinions of, SONY BMG. *Id.*; Williams Decl. at ¶17.

21. Although she was found fit to resume her duties, Plaintiff did not return to work and remains on unpaid medical leave. She was not terminated by SONY BMG. Williams Decl. at ¶18.

22. Despite her claim that she was removed from SONY BMG's payroll on June 6, 2006, Williams Decl., Ex. A at ¶45, SONY BMG applied Plaintiff's compensable sick days, vacation days and personal days to maintain her on payroll until July 10, 2006, the date when all of her compensable absences were exhausted. Williams Decl. at ¶18.

23. When Plaintiff's merit increase for July 2006 was processed, Plaintiff received all pay that she was entitled to, including retroactive increases. *Id.* Plaintiff was not suffering any disability at the time of the Verbal Altercation. *Id.* at ¶11; Warnock-Morgan Decl. at ¶8.

24. Plaintiff contends that the Verbal Altercation caused her subsequent traumatic injury that was the basis of her disability claim. Williams Decl., Ex. A at ¶26.

25. Plaintiff does not dispute that she received all of the worker's compensation benefits that she was entitled to based on her claim for such benefits. *Id.*, *passim.*

26. Plaintiff does not contend that Defendants discriminated against Plaintiff on the basis of any disability that she was suffering prior to the Verbal Altercation. *Id.*, *passim.*

27. Plaintiff never made any allegations of discrimination of any nature after reporting the Verbal Altercation to the HR Department at SONY BMG, and, when asked what recourse she wanted SONY BMG to pursue regarding the incident, Plaintiff stated

that Defendant Warnock-Morgan's supervisor should be informed of the incident and to allow the disciplinary process to follow its course. Williams Decl. at ¶12.

Dated: July 11, 2008
New York, New York

JONATHAN D. DAVIS, P.C.

By: ______________________

Jonathan D. Davis (JD 5712)
99 Park Avenue
Suite 1600
New York, New York 10016
(212) 687-5464
Attorneys for Defendant SONY BMG MUSIC ENTERTAINMENT and Barbara Warnock-Morgan