# PRELIMINARY STATEMENT

In accordance with this Court's decision and order, filed May 15, 2008 (the "Order"), Plaintiff, PATRICIA HARRIS LEE ("Plaintiff" or "Harris Lee") filed a Second Amended Complaint, dated May 30, 2008, against Defendants SONY BMG MUSIC ENTERTAINMENT, INC. ("Defendant" or "Sony") and BARBARA WARNOCK-MORGAN ("Warnock-Morgan") alleging unlawful disability discrimination, racial discrimination, hostile work environment, and unlawful termination, pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., Title VII of the Civil Rights Act, as codified, ("Title VII), 42 U.S.C. §2000(e) et seq., the New York State Executive Law, ("NYSHRL"), §290 et seq., the Administrative Code of the City of New York, ("NYCHRL"), §8-801 et seq. and the Civil Rights Act of 1871, 42 U.S.C. § 1981.

This Court has denied Defendant's prior motion to dismiss Plaintiff's claims for racial discrimination in employment, hostile work environment, and unlawful termination. Order at 11. Nonetheless, the Defendant continues to disregard allegations and evidence in Plaintiff's favor, and, again requests this Court to accept the Defendant's version of the evidence, rather than construe it in Plaintiff's favor and identify where the disputes lie.

Plaintiff submits this Memorandum along with Plaintiff's Local Rule 56.1(b) Counterstatement, and the Declaration of Patricia Harris Lee, along with accompanying exhibits, in opposition to Defendant's motion, dated July 11, 2008.

# STATEMENT OF FACTS

1

The relevant facts opposing Defendant's motion are set forth in the second Amended Complaint ("Sec. Am. Cplt."), the Declaration of Patricia Harris Lee ("HL Decl."), and throughout the body of this Memorandum. The Court is respectfully referred to these documents for a full recitation of the facts.

## LEGAL ARGUMENT

### POINT I
### THE SECOND AMENDED COMPLAINT SHOULD NOT BE DISMISSED

A.  GOVERNING STANDARDS

When considering a motion to dismiss under Rule 12(b)(6), a trial court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted). At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Achtman v. Kirby, McKiernan & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006). A court must apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). In deciding the motion, a court may consider "any instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004). To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to

2

raise a right to relief above the speculative level." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

A.1:   PLAINTIFF STATES A DISABILITY DISCRIMINATION CLAIM

To establish a prima facie case of disability discrimination, a plaintiff must show that (1) her employer is covered by the relevant statute; (2) she suffers from a disability within the meaning of the relevant statute; (3) she was qualified to perform the essential functions of her position, either with or without a reasonable accommodation; and (4) she suffered an adverse employment action under circumstances that at least suggest it was because of her disability. Attis v. Solow Realty Development Co. et al., 522 F. Supp. 2d 623; 2007 U.S. Dist. LEXIS 84056. Whereas each element must be established for a plaintiff to prevail at trial, the "failure to make reasonable accommodation, when the employee has satisfied the first three elements of his claim, amounts to discharge "because of" his disability. Lorinz v. Turner Constr. Co., 2004 U.S. Dist. LEXIS 28825 (E.D.N.Y. May 25, 2004). Aside from the definition of a disability, the elements of a disability discrimination claim under federal, state, and city law are the same. Shannon v. New York City Transit Authority, 332 F.3d 95, 103-104 (2d Cir. 2003).

In this matter, Defendant contends the following with respect to Plaintiff's claims under the ADA, NYSHRL, and NYCHRL: (1) whether the plaintiff was disabled within the meaning of the relevant statutes; (2) whether the plaintiff, notwithstanding her disability, was qualified to perform the essential functions of her position, with or without

a reasonable accommodation; (3) whether the plaintiff requested or was denied any accommodation and what the nature of such accommodation might be; and (4) whether the plaintiff suffered an adverse employment action as a result of her disability.  As set forth below, Defendant's contention that this Court should dismiss Counts I, II, and III of Plaintiff's second Amended Complaint is without merit.

### A.1.(a):     PLAINTIFF IS DISABLED WITHIN THE MEANING OF THE RELEVANT STATUTES

The ADA defines a "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §12102(2).  The E.E.O.C. regulations issued in conjunction with the ADA define a "mental impairment" as "any mental or psychological disorder, such as … emotional or mental illness." 29 C.F.R. §1630.2(h)(2).  The Under New York law, the definition of "disability" is broader, and any medically diagnosable impairment is sufficient to constitute an actionable disability.  Attis v. Solow Realty Development Co. et al., 522 F. Supp. 2d 623, 2007 U.S. Dist. LEXIS 84056.; N.Y. Executive Law §292.  To be substantially limited, an individual must have a long-term impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. Id.

With respect to Plaintiff's "disability", she alleges that, beginning on or about April 14, 2006, and continuing thereafter, she was medically diagnosed with post

traumatic stress disorder and reactive anxiety disorder.  She was also diagnosed with physical, psychosomatic back injuries.  (Sec. Am. Cplt. ¶ 26, 38, 46; Williams Decl., Ex. D).

The foregoing injuries substantially impaired Plaintiff's ability to perform major life activities, including her ability to work, lift, bend, sleep, think, concentrate, and interact with others.  (Sec. Am. Cplt. ¶ 39, 47.)  Major life activities have been held to encompass "caring for oneself, performing manual tasks, seeing, hearing, speaking, breathing, learning, and walking."  Ryan v. Grae and Rybicki, 135 F.3d 867, 870 (2nd Cir. 1998).  However, this list is representative, not exhaustive, and other major life activities include (but are not limited to): "sitting, standing, lifting, or reaching."  Covello v. Depository Trust Co., 212 F. Supp. 2d 109, 119 (E.D.N.Y. 2002) (Spatt, J.) (citing Colwell v. Suffolk County Police Dep't., 158 F.3d 635, 641 (2d Cir. 1998).

With respect to being substantially limited in the major life activity of 'interacting with others,' the court in Jacques v. DiMarzio, Inc., 386 F.3d 192, 203 (2nd Cir. 2004) explained that a plaintiff who can otherwise perform the functions of a job with reasonable accommodation could satisfy this standard by "demonstrating isolation resulting from any number of severe conditions, including acute or pro [*204] found cases of autism, agoraphobia, depression, or other conditions…"  Here, record evidence establishes that Plaintiff's post-traumatic stress disorder was causing her to experience "intrusive thoughts about the event, psychological distress in [her] office which is located near the individual who threatened [her] and into which this supervisor often enters

unannounced, reduced interest in activities outside of work and feelings of isolation from her colleagues at work." (Williams Decl., Ex. D).

A.1.(b):    NOTWITHSTANDING HER DISABILITY, PLAINTIFF WAS QUALIFIED TO PERFORM THE ESSENTIAL FUNCTIONS OF HER POSITION, WITH A REASONABLE ACCOMMODATION

An individual is "otherwise qualified" to perform a job if she can, either with or without a reasonable accommodation, perform the essential functions of the position. Borkowski v. Valley Cent. Sch. Dist., 63 F.3d 131, 137-38 (2nd Cir. 1995). Reasonable accommodations include modifications or adjustments to the work environment or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position. 29 C.F.R. §1630.2(o)(1)(ii). The plaintiff bears both the burden of production and persuasion that the accommodation she requested was reasonable and would have enabled her to perform the essential functions of her position. Lorinz v. Turner Constr. Co., 2004 U.S. Dist. LEXIS 28825 (E.D.N.Y. 2004).

In this matter, the Plaintiff alleges that, notwithstanding her physical and psychological injuries, she continued to endure through her work assignments from on or about April 4, 2006 until May 26, 2006. She also alleges that throughout this time, she consistently requested an accommodation in the form of being physically separated from Warnock-Morgan and/or reassigned to vacant position. (Sec. Am. Cplt. ¶ 35, 36, 40; HL Decl. ¶ 14). Furthermore, Plaintiff's own physician informed Defendant that he would

allow Plaintiff to return to work, under medical supervision, as soon as an accommodation was put in place. (HL Decl.¶ 14).   However, Plaintiff's working environment remained unchanged, and because it was further exacerbating her mental condition, Plaintiff's physician advised her to take a medical leave of absence on or about May 30, 2006.  (Sec. Am. Cplt. ¶ 35, 40, 41, 42.)

**A.1.(c):**    <u>DEFENDANT'S FAILURE TO ACCOMMODATE</u>

The ADA requires employers to take affirmative steps to accommodate disabilities that are apparent to it.  A plaintiff must show that the employer was on notice of the disability.  42 U.S.C. §12112(b)(5)(A).   Once an accommodation has been requested, the employer should "explore 'what limitations the employee has, ask the employee what he or she specifically wants, show some sign of having considered [the] employees request, and offer and discuss available alternatives when the request is too burdensome.  <u>Lorinz v. Turner Constr. Co.</u>, 2004 U.S. Dist. LEXIS 28825 (E.D.N.Y. 2004); <u>Jacques v. DiMarzio, Inc.</u>, 200 F. Supp. 2d 151, 170 (E.D.N.Y. 2002) (quoting <u>Taylor v. Phoenixville Sch. Dist</u>., F.3d 296, 317 (3d Cir. 1999).

Here,  Plaintiff has alleged  that on or about April 14, 2006, her treating physician personally spoke with her employer, giving notice of her mental and physical impairments, and explained Plaintiff's need for a reasonable accommodation, i.e. to be separated from Warnock-Morgan.  (Sec. Am. Cplt. ¶ 40, 41.)  He even informed

7

Defendant that he was willing to release the plaintiff to go back to work, under his supervision, if the accommodation matter could be resolved quickly. (HL Decl. ¶ 19). However, Defendant neither accommodated Plaintiff, nor engaged in any interactive process, with either the Plaintiff or her physician, to discuss any matters relating to the feasibility or reasonableness of their requested accommodation. (Sec. Am. Cplt. ¶ 35, 40, 41.) Said inaction clearly amounts to an adverse employment action against the plaintiff, because of her disability.

Based upon the forgoing, Plaintiff's factual allegations, when taken together, and examined in a light most favorable to her, demonstrate that she has sufficiently demonstrated a plausible claim for disability discrimination against Defendant under the Federal, State, and Local laws.

### A.2: PLAINTIFF STATES A RACIAL DISCRIMINATION CLAIM

This Court has already denied Defendant's prior motion to dismiss Plaintiff's racial discrimination claim. Order at 11. Nevertheless, the Defendant again ignores the factual record and insists that that the Plaintiff merely makes a naked allegation that she is a member of the protected class.

The employment discrimination complaint does not need to allege specific facts establishing a prima facie case of employment discrimination or otherwise meet a heightened pleading standard. Boykin v. Keycorp, 521 F.3d 202, 212 (2d Cir. 2008). Discriminatory intent will rarely be demonstrated by "smoking gun" proof, rather, in

8

most discrimination cases direct evidence of the employer's motivation is unavailable. Dister v. Continental Group, Inc., 859 F.2d 1108, 1112 (2d Cir. 1988).  Instead, the complaint must assert "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973-74, (2007).

While there are many different ways to prove a discriminatory motive, the most common way of proving discrimination is to show that preferential treatment was given to employees outside the protected class.  Abdu Brinson v. Delta Airlines, Inc., 239 F.2d 456, 468 (2d Cir. 2001).  Another way to demonstrate unlawful motive is by showing that the employer responded to an employment situation in a manner that deviates from the ordinary policy of the employer.  Lander v. Hodel, 197 U.S. Dist. LEXIS 11476 (D.C. Cir. 1986).

Here, the Plaintiff has alleged that Sony's Human Resources department repeatedly ignored and/or failed to respond to any of the matters she brought to their attention, including but not limited to the following: her concerns of continuing to work with Warnock-Morgan, her repeated requests for an accommodation to be made, and her request to be provided with a copy of Defendant's investigative reports.  (HL Decl. ¶23-26).  It can hardly be argued that the Defendant's repeated failure to address the Plaintiff's employment situation, in this matter, does not deviate from its ordinary policies of addressing such concerns.  Plaintiff has further alleged that preferential treatment was given to Warnock-Morgan, who is Caucasian and outside the protected class, in a manner that deviates from Defendant's zero-tolerance policy.  (HL Decl. ¶29).

**A.3:**    <u>PLAINTIFF STATES A HOSTILE WORK ENVIRONMENT CLAIM</u>

This Court has already denied Defendant's prior motion to dismiss plaintiff's hostile work environment claim.  Order at 11.  Nevertheless, the Defendant again demonstrates a blatant disregard of the factual record in this matter and contends that "…Plaintiff admits that working conditions remained the same after the incident…"

In order to evaluate any hostile work environment claim, it is critical to consider the totality of the circumstances, which includes all of the facts alleged, so as to obtain a realistic view of the environment.  <u>Richardson v. N.Y.S. Dept. of Corr. Serv.</u>, 180 F.3d 426 (2d Cir. 1999).  In some instances, a single act can create a hostile work environment – "if, by itself, it can and does work a transformation of the plaintiff's workplace." <u>Alfano v. Costello</u>, 294 F.3d 365, 374 (2d Cir. 2002).

Here, the Plaintiff has repeatedly and sufficiently pled that subsequent to the March 31, 2006 incident, she was forced to continue working in close proximity to her attacker, despite having made numerous requests that her employer address said matter.  Thus, Plaintiff's allegations can sufficiently permit a rational trier of fact to infer that her Sony BMG deliberately created working conditions that were 'so difficult or unpleasant that a reasonable person in the employee's shoes could have felt compelled to resign.' <u>Stetson v. Nynex Serv. Co.</u>, 995 F.2d 355, 361 (2d Cir. 1993).

**POINT II**
<u>**DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT**</u>

**B.**     GOVERNING STANDARDS

Summary judgment is appropriate when the submissions of the parties, taken together, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of 'informing the court of the basis for its motion,' and identifying those portions of the pleadings and other submissions which it believes demonstrate the absence of a genuine issue of material fact. Fed'l Deposit Ins. Corp. v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994), citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). When deciding a motion for summary judgment, a court must "view the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in its favor." American Casualty Co. of Reading, PA v. Nordic Leasing, Inc., 42 F.3d 725, 728 (2d Cir. 1994). In addition, "not only must there be no genuine issue as to the evidentiary facts, but there must also be no controversy regarding the inferences to be drawn from them." Donahue v. Windsor Bd. Of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987). If no rational fact finder could find in the non-movant's favor, there is no genuine issue of material fact, and summary judgment is appropriate. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505 (1986).

**B.1**     PLAINTIFF HAS RAISED TRIABLE ISSUES OF MATERIAL FACT

It is clear that by comparing the Defendants and Plaintiff's respective Local Rule 56.1 Statements, there are numerous material facts in dispute. The record, along with all

reasonable inferences drawn in the plaintiff's favor, clearly precludes summary judgment on her claims set forth in the second Amended Complaint.

## CONCLUSION

For all the forgoing reasons, defendant's motion should be denied in all respects and, in the event the Court finds that plaintiff failed to state a cause of action for which relief could be granted, plaintiff requests leave to amend its complaint.

Dated: Carle Place, New York
August 14, 2008

        Respectfully submitted,

        The Law Office of
        BORRELLI & ASSOCIATES, P.L.L.C.
        *Attorneys for Petitioner*
        One Old Country Road, Suite 347
        Carle Place, New York 11514
        (516) 248-5550

        By**:**     **/s/**                        
            **MICHAEL J. BORELLI  (MB8533)**