UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| PATRICIA HARRIS LEE, | 07 CV 6733 (SM) |
| Plaintiff, | PLAINTIFF'S LOCAL RULE 56.1(b) COUNTER-STATEMENT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY, FOR SUMMARY JUDGMENT |
| -v - | |
| SONY BMG MUSIC ENTERTAINMENT, INC, and BARBARA WARNOCK-MORGAN, Individual | |
| Defendants. | |

------------------------------------------------------------------------x

Pursuant to Rule 56.1(b) of the Local Civil Rules, Plaintiff PATRICIA HARRIS LEE, through undersigned counsel of record, hereby submits the following counter-statement of material facts in opposition to Defendants' statement pursuant to Local Rule 56.1 in support of Defendants' Motion to Dismiss, or alternatively, for Summary Judgment ("Defendants' 56.1"). Plaintiff respectfully submits that Defendants' Motion to Dismiss, or alternatively, for Summary Judgment sets forth many issues that raise genuine issues of material fact that warrant denial.

1. Undisputed for purposes of this motion.

2. Undisputed for purposes of this motion.

3. Disputed in part.

On March 31, 2006, Warnock-Morgan physically attacked the plaintiff without provocation, causing plaintiff to sustain back, neck, and psychological injuries. (Amended Complaint ¶24).

4. Disputed.

Warnock-Morgan baselessly accused plaintiff of orchestrating the March 30, 2006 meeting in her absence so as to undermine her management decisions. (HL Decl. ¶10).

5. Undisputed for purposes of this motion.

6. Disputed.

During the March 31, 2006 incident, plaintiff pleaded with Warnock-Morgan to stop her aggressive and threatening behavior and to calm down. (HL Decl. ¶11).

7. Disputed.

While Warnock-Morgan was yelling and verbally attacking plaintiff, Warnock-Morgan charged up to the plaintiff so that they were face to face and thrusted her hands in front of plaintiff's face. (HL Decl. ¶11).

8. Disputed in part.

During the March 31, 2006 incident, Warnock-Morgan had backed plaintiff up against the wall. Since she was shaking out of anger and had her hands flailing about, plaintiff grasped her wrists to keep Warnock-Morgan from hitting her. (HL Decl. ¶11).

9. Undisputed for purposes of this motion.

10. Undisputed for purposes of this motion.

11. Disputed.

On April 3, 2006 plaintiff informed the human resources department ("Sony HR") that she no longer desired to work with Warnock-Morgan and asked Kathleen Kelley if she knew what was going on in other departments and/or the possibility of being transferred or reassigned. (HL Decl. ¶17).

12. Disputed in part.

Plaintiff requested that Sony HR follow up with her regarding defendants

2

investigation into the March 31, 2006 incident and provide her with a copy of the investigation report. Plaintiff had also inquired about what remedial measures, if any, defendant would take against Warnock-Morgan. However, Sony HR failed to respond to any communications plaintiff sent them. ("HL Decl. ¶25-27).

    13.    Disputed in part.

On April 14, 2006, Dr. Bassel, who was plaintiff's treating physician, notified defendant of the seriousness of plaintiff's medical condition. He also urged defendants to physically separate plaintiff from Warnock-Morgan because of his concern over their close physical proximity. Dr. Bassel then stated that he would release plaintiff to go back to work, under doctor supervision, if the matter at work could be quickly resolved. (HL Decl. ¶19).

    14.    Undisputed for purposes of this motion.

    15.    Undisputed for purposes of this motion.

    16.    Undisputed for purposes of this motion.

    17.    Disputed in part.

Plaintiff has appealed Cigna's denial of her claim. (HL Decl. ¶31).

    18.    Disputed in part.

Plaintiff has appealed Cigna's denial of her claim. (HL Decl. ¶31).

    19.    Disputed in part.

Plaintiff has appealed Cigna's denial of her claim. (HL Decl. ¶31).

    20.    Undisputed for purposes of this motion.

    21.    Disputed.

Plaintiff has appealed Cigna's denial of her claim (HL Decl. ¶31). Plaintiff also

3

suffered from an adverse employment action, based upon Defendants' failure to accommodate her. (HL Decl. ¶30).

22. Undisputed for purposes of this motion.

23. Undisputed for purposes of this motion.

24. Disputed in part.

After the March 31, 2006 incident, plaintiff suffered from physical and psychological injuries, including but not limited to: traumatic cervical, thoracic, and lumbosacral pain syndrome with spasm, severe reactive anxiety disorder, post traumatic stress disorder, and depression. (HL Decl. ¶13).

25. Undisputed for purposes of this motion.

26. Undisputed for purposes of this motion.

27. Disputed in part.

Plaintiff expressed her concerns of being retaliated against but Sony HR repeated showed an indifference to plaintiff's concerns. (HL Dec. ¶25).

Dated: Carle Place, New York
August 14, 2008

    Respectfully submitted,

    The Law Office of
    BORRELLI & ASSOCIATES, P.L.L.C.
    One Old Country Road, Suite 347
    Carle Place, New York 11514
    (516) 248-5550

    By**:**_____**/s/**_____
     **MICHAEL J. BORELLI  (MB8533)**

4

5