UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

PATRICIA HARRIS LEE,                    :

                                                07 CV 6733 (CM)

                        Plaintiff,    :

                                        :

                v.                   :

SONY BMG MUSIC ENTERTAINMENT, INC.    :
and BARBARA WARNOCK-MORGAN,
Individual,                             :

                   Defendants.   :

------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

JONATHAN D. DAVIS, P.C.
99 Park Avenue
Suite 1600
New York, New Your 10016
(212) 687-5464
Attorneys for Defendants
SONY BMG MUSIC ENTERTAINMENT
and Barbara Warnock-Morgan

## **TABLE OF CONTENTS**

Preliminary Statement..........................................................................................................1

DISPOSITIVE REPLY FACTS ..........................................................................................2

THE DISABILITY AND RACIAL
DISCRIMINATION CLAIMS MUST BE DISMISSED....................................................3

    A.  The Disability Discrimination Claims Are Deficiently Pled .............................3

    B.  The Racial Discrimination Claims Are Deficiently Pled...................................7

DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ...................................8

CONCLUSION..................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*BellSouth Telecomms., Inc. v. W. R. Grace & Co.*,
    77 F.3d 603 (2d Cir. 1996)......................................................................................9

*Boykin v. Keycorp.*,
    521 F.3d 202 (2d Cir. 2008)...................................................................................7

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 106 S. Ct. 2548 (1986).....................................................................9

*Demoret v. Zegarelli*,
    451 F.3d 140 (2d Cir. 2006)...................................................................................8

*Heilweil v. Mount Sinai Hosp.*,
    32 F.3d 718 (2d Cir. 1994),
    *cert. denied*, 513 U.S. 1147, 115 S. Ct. 1095 (1995)...............................................5

*Hunter v. St. Francis Hosp.*,
    281 F. Supp. 2d 534 (E.D.N.Y. 2003) ...................................................................8

*Katz v. Metropolitan Life Ins. Co.*,
    1998 WL 132945 (S.D.N.Y. Mar. 20, 1998) ...........................................................9

*Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574, 106 S. Ct. 1348 (1986).....................................................................8

*Muller v. Costello*,
    187 F.3d 298 (2d Cir. 1999)...................................................................................5

*Pimentel v. Citibank, N.A.*,
    29 A.D.3d 141, 811 N.Y.S.2d 381 (1st Dep't 2006) ................................................6

*Podell v. Citicorp Diners Club, Inc.*,
    112 F.3d 98 (2d Cir. 1997).....................................................................................8

*Potter v. Xerox Corp.*,
    88 F. Supp. 2d 109 (W.D.N.Y. 2000),
    *aff'd*, 1 Fed. Appx. 34 (2d Cir. Jan. 5, 2001)..........................................................6

*Shumway v. United Parcel Service, Inc.*,
    118 F.3d 60 (2d Cir. 1997).....................................................................................8

*Weiler v. Household Finance Corp.*,
    101 F.3d 519 (7th Cir. 1996) ..................................................................................6

*Weinstock v. Columbia Univ.*,
    224 F.3d 331 (2d Cir. 2000)................................................................................10

*Wernick v. Federal Reserve Bank of New York*,
    91 F.3d 379 (2d Cir. 1996)....................................................................................6

*Williams v. New York State Dep't of Labor*,
    2000 WL 33175735 (S.D.N.Y. May 25, 2000) ...................................................5, 6

**Statutes:**

Rule 12(b)(6), Fed. R. Civ. P. ...............................................................................................1

Rule 56(c), Fed. R. Civ. P. ....................................................................................................1

Rule 56.1, Fed. R. Civ. P. .....................................................................................................8

29 C.F.R. §1630.2(j)(3)(i)......................................................................................................5

## **Preliminary Statement**

This reply memorandum of law is respectfully submitted on behalf of Defendants SONY BMG and Barbara Warnock-Morgan in further support of their motion, pursuant to Rule 12(b)(6), Fed. R. Civ. P., for an order dismissing with prejudice the Second Amended Complaint for failure to state a claim upon which relief can be granted. Alternatively, pursuant to Rule 56(c), Defendants are entitled to summary judgment dismissing the Second Amended Complaint.[1]

Plaintiff has not addressed this Court's explicit ruling that a disability claim cannot be based on some other form of discrimination. The Court unequivocally held that, if Plaintiff did not cure this deficiency in an amended pleading, her disability claims would be dismissed with prejudice. Order at 11, 14. As set forth in Defendants' moving papers, Plaintiff has realleged that Defendant Warnock-Morgan's supposedly racially-motivated attack was the cause of her disability, and that Defendants discriminated against her on the basis of this "disability." Williams Decl., Exhibit A, at ¶¶25, 26, 39. For this reason alone, her disability discrimination claim should be dismissed with prejudice.

Plaintiff has neither alleged a disability that constitutes a substantial limitation on a major life activity within the meaning of the ADA, nor has she alleged that she requested and was denied a reasonable accommodation. As the case law and regulations make clear, the alleged inability to work in a particular job or for a particular supervisor is not a substantial limitation on a major life activity. The record establishes that Plaintiff did not request a transfer or reassignment. Nevertheless, even if Plaintiff could establish that she

---

[1] This reply memorandum adopts the defined terms in Defendants' moving papers to dismiss the Second Amended Complaint.

had made such a request based upon Plaintiff's perceived inability to work under the supervision of a particular individual, Barbara Warnock-Morgan, it would not be a request for a reasonable accommodation as a matter of law, thus requiring dismissal of her disability claims.

Plaintiff's conclusory claims based on racial discrimination fail to contain a single factual allegation that Defendants engaged in any racially discriminatory conduct. Her response that she need not plead any facts of discrimination is erroneous as a matter of law. Her disparate treatment claim contains no allegations that Plaintiff was treated differently than similarly situated employees. Plaintiff's hostile work environment claims do not allege the severe or pervasive conditions necessary for such claims to be sustained.

Other than reciting the standards, Plaintiff fails to address Defendants' alternative motion for dismissal of her claims on summary judgment. Plaintiff tacitly admits that her disability benefits were denied by a non-party insurance carrier, and that there is no claim for denial of benefits under the disability statutes. As set forth in the accompanying Reply Declaration of Clemon Williams ("Williams Reply Decl."), the record establishes that Plaintiff did not request a transfer or reassignment to another supervisor, and summary judgment dismissing her disability discrimination claims also is warranted for this reason.

## DISPOSITIVE REPLY FACTS

Plaintiff claims that she reported the March 31, 2006 altercation with Defendant Warnock-Morgan to Kathleen Kelly in the SONY BMG's Human Resources Department on April 3, 2006, and that she informed the company that she no longer desired to work with Warnock-Morgan. Plaintiff states that she asked Ms. Kelly if she knew what was

2

going on in other departments "and/or the possibility of being transferred or reassigned." Declaration of Patricia Harris Lee ("Lee Decl."), at ¶¶16-17.

Plaintiff's Declaration contradicts her recorded statements to independent insurance investigators. When asked what response she wanted SONY BMG to take, Plaintiff merely responded to the investigators that she wanted Warnock-Morgan's superiors to know what had happened. She did not mention any request for transfer, reassignment or a different position. Williams Decl., Exhibit B, at 88-89.

Plaintiff claims that she sent weekly e-mails to Ms. Kelly expressing her "concerns, fears, and displeasure at working hand-in-hand on a daily basis with Warnock-Morgan." Lee Decl. at ¶18. She does not attach copies of these e-mails. The handful of e-mails produced in discovery, which are attached as Exhibit A to the Williams Reply Declaration, confirm that Plaintiff never asked for a transfer or reassignment. Plaintiff's April 19, 2006 e-mail acknowledges that Ms. Kelly specifically asked Plaintiff what she wanted to do about her circumstance. In response, Plaintiff merely asked Ms. Kelly for her recommendations. There is no request for a transfer or reassignment to a different supervisor in any of the e-mails.

## THE DISABILITY AND RACIAL
## DISCRIMINATION CLAIMS MUST BE DISMISSED

### A. The Disability Claims Are Deficiently Pled

In the Order partially dismissing the Amended Complaint, the Court specified what Plaintiff must plead for her disability discrimination claim to be sustained in any further pleading:

> [S]he must specify (1) what disability she suffers from; (2) when it commenced; (3) how it impacted a major life

3

> function (if it did); (4) how it prevented her from exercising
> normal bodily function or is demonstrable by medically
> accepted clinical or laboratory diagnostic techniques (if it
> did); (5) how it impacted plaintiff's ability to perform her
> job; (6) if she sought an accommodation, when and what
> she sought.

Order at 11.

The Court stated that it would dismiss the disability claims *sua sponte* if Plaintiff did not adequately replead her disability claims. Plaintiff has not complied with the Court's requirements to sustain her claims. As this Court has previously ruled, a "disability" that merely prevents an employee from working under a particular supervisor is not a disability within the meaning of the ADA and does not impact a major life function. Neither the Second Amended Complaint nor Plaintiff's opposition papers satisfy the first or third specifics required by the Court.

With respect to the second required allegation, Plaintiff's re-pleading confirms that her disability commenced after her altercation with Barbara-Morgan and as a result of this encounter, which she claims was racially motivated. Williams Decl., Exhibit A, at ¶¶25 26, 39. Plaintiff does not claim that she suffered any disability before the incident with Warnock-Morgan. Plaintiff has plainly disregarded the Court's admonition that she not assert a disability claim that was the result of other allegedly discriminatory conduct.

The Second Amended Complaint does not address in any respect how the alleged disability prevented her from exercising normal bodily functions, was demonstrable by

4

medically recognized clinical or laboratory diagnostic techniques, and how it impacted her ability to perform her job – the fourth and fifth required allegations by the Court.

With respect to the Court's sixth required allegation regarding any requested accommodation, Plaintiff's claim that she requested a transfer or reassignment is belied by the record, including her recorded statements to independent insurance investigators. Moreover, Plaintiff's contradictory allegations that her condition limited her ability "to work in any job, lift, bend, sleep, think, concentrate and interact with others," Williams Decl., Exhibit A, at ¶47, but that her condition could be accommodated by a physical separation from Warnock-Morgan, *Id.* at ¶40, is insufficient as a matter of law.

If Plaintiff were injured, it is axiomatic that her injuries cannot be a function of the identity of the person supervising her. As this Court has already ruled, an allegation that Plaintiff cannot work for a particular supervisor fails to plead that she was *substantially limited in a major life activity*, as required to state a claim under the ADA. Order at 9-10 and cases cited therein.

The Second Circuit has ruled that a person who claims that she is incapable of working at a particular position has failed to establish that she is substantially limited in her ability to perform a "class of jobs" or "a broad range of jobs in various classes" within the meaning of the EEOC regulations. *Muller v. Costello*, 187 F.3d 298, 312 (2d Cir. 1999) (citing 29 C.F.R. §1630.2 (j)(3)(i)); *Heilweil v. Mount Sinai Hosp.*, 32 F.3d 718, 723-24 (2d Cir. 1994), *cert. denied*, 513 U.S. 1147, 115 S. Ct. 1095 (1995) ("a person found unsuitable for a particular position has not demonstrated an impairment limiting such person's major life activity of working"). *See also Williams v. New York State Dep't of Labor*, 2000 WL 33175735 (S.D.N.Y. May 25, 2000) at *17 (Plaintiff has not shown

5

she is restricted in her ability to perform "a class of jobs" or "a broad range of jobs in various classes." Plaintiff has only shown that she is unable or unwilling to work for Wilson or in the company of particular boorish co-workers.).

Even if Plaintiff requested a transfer or reassignment to a different supervisor or position, she has failed to plead that she requested and was denied a reasonable accommodation under the circumstances. Requests for changes in personnel arrangements are unreasonable as a matter of law. *Wernick v. Federal Reserve Bank of New York*, 91 F.3d 379, 384 (2d Cir. 1996) ("[N]othing in the law leads us to conclude that in enacting the disability acts, Congress intended to interfere with personnel decisions within an organizational hierarchy."); *Potter v. Xerox Corp.*, 88 F. Supp. 2d 109, 114 (W.D.N.Y.2000), *aff'd*, 1 Fed. Appx. 34 (2d Cir. Jan 5, 2001); *Williams v. New York State Dep't of Labor, supra,* 2000 WL 33175735 at *18. *See also Weiler v. Household Finance Corp.*, 101 F.3d 519, 526 (7th Cir. 1996) (the ADA does not require defendant to transfer Weiler to work for a supervisor other than Skorupka, or to transfer Skorupka).

Plaintiff failed to plead a disability that substantially limited a major life activity as required under the ADA, and she failed to plead that she requested a reasonable accommodation under federal and state disability statutes, *Pimentel v. Citibank, N.A.*, 29 A.D.2d 141, 147-48, 811 N.Y.S.2d 381, 386-87 (1st Dep't 2006).

Plaintiff makes no attempt to defend her factually bereft allegations that SONY BMG retaliated against her because of her opposition to disability discrimination. As set forth in Defendants' moving memorandum, the only consequence that Plaintiff experienced was the result of her decision not to return to work after the carrier denied her claim for disability benefits. Plaintiff does not address her failure to allege that she

suffered an adverse employment action because of her claimed disability, which she acknowledges is an essential element of a disability claim.

Counts, I, II and III must be dismissed with prejudice.

## B. **The Racial Discrimination Claims Are Deficiently Pled**

Plaintiff makes no attempt to dispute that the Second Amended Complaint lacks factual allegations of racial discrimination. Citing *Boykin v. Keycorp.*, 521 F.3d 202, 212 (2d Cir. 2008), Plaintiff merely argues that she does not need to allege specific facts establishing a *prima facie* case of employment discrimination. *Boykin*, however, was addressing the relaxed pleading requirements for *pro se* plaintiffs alleging discrimination. 521 F.3d at 214. The court in *Boykin* otherwise adhered to the rule that a plaintiff must allege sufficient facts to render the claim plausible. Indeed, Plaintiff recognizes that she must plead sufficient facts "to raise a right to relief above the speculative level." Plaintiff's Memorandum Of Law In Opposition To Motion To Dismiss Second Amended Complaint, Or Alternatively, For Summary Judgment ("Plaintiff's Opposition Memo") at 2-3.

Plaintiff asserts that she has alleged a disparate treatment claim by alleging that preferential treatment was given to Warnock-Morgan, citing paragraph 29 of the Second Amended Complaint, which alleges only the following: "Despite Plaintiff's request, Warnock-Morgan retained her position of direct authority over Plaintiff." Plaintiff also claims that Warnock-Morgan was given preferential treatment with respect to SONY BMG's "zero tolerance policy" concerning violence in the workplace. These claims do not constitute allegations of disparate treatment because they do not allege that Plaintiff was similarly situated and was treated differently, that is, in having committed a violent

7

act in the workplace. As the Second Circuit Court ruled in *Shumway v. United Parcel Service, Inc.*, 118 F.3d 60, 64-65 (2d Cir. 1997), the comparable employee must be similarly situated to the plaintiff in all material respects. *See also Hunter v. St. Francis Hosp.*, 281 F. Supp. 2d 534, 542 (E.D.N.Y. 2003).

Plaintiff's opposition papers confirm that she has not alleged a "hostile work environment." Plaintiff states that "she was forced to continue working in close proximity to her attacker," Plaintiff's Opposition Memo at 10, or, as the Second Amended Complaint states, after the altercation with Defendant Warnock-Morgan, Plaintiff continued "in the same capacity" as before. Williams Decl., Exhibit A, at ¶34. Such allegations fail to describe a workplace "permeated with discriminatory intimidation, ridicule and insult" that is "sufficiently severe or pervasive to alter the conditions" of employment. *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006). Plaintiff does not allege any outrageous conduct directed at any legally protected status.

The racial discrimination claims should be dismissed.

## **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT**

Plaintiff has not met her burden in opposing Defendants' motion for summary judgment. She merely recites the standards governing such motions and invites the Court to compare the parties' Rule 56.1 Statements to derive disputed issues of fact. A party opposing summary judgment may not rest upon mere conclusory allegations or denials, but must bring forward some affirmative indication that her version of relevant events is not fanciful. *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 101 (2d Cir. 1997). *See also Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986) (a nonmoving party "must do more than simply show that there is some

8

metaphysical doubt as to the material facts"); *BellSouth Telecomms., Inc. v. W. R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996). Plaintiff has failed to "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986).

Although Plaintiff now claims that she requested a transfer or reassignment away from Warnock-Morgan, her recorded statements to the insurance investigators establish that Plaintiff had no opinion on what action the company should take when she was directly questioned. Williams Decl. at ¶12 and Exhibit B, at 88-89. Plaintiff states that she sent weekly e-mails to SONY BMG's Human Resources administrator expressing her displeasure at working with Warnock-Morgan. The e-mails, however, which Plaintiff does not attach to her declaration, do not support Plaintiff's assertion. Plaintiff did not request a transfer or reassignment away from Warnock-Morgan in the handful of e-mails that she produced in the course of written discovery. Williams Reply Decl, Exhibit A.

In *Katz v. Metropolitan Life Ins. Co.*, 1998 WL 132945 (S.D.N.Y. Mar. 20, 1998) at *6, the district court granted summary judgment dismissing a disability claim where the record, as here, belied plaintiff's claim that he requested a transfer. There, plaintiff failed to show the existence of another position which would have been a reasonable accommodation "or that he even made a request for such a transfer."

Here, Plaintiff's generalized inquiry to Ms. Kelly as to "what was going on in other departments," Lee Decl. at ¶17, assuming she even made the inquiry, is similar to the vague, non-specific inquiries deemed deficient in *Katz*.

On the basis of the uncontradicted record, Defendants have demonstrated that they did not discriminate against Plaintiff in any manner, took no adverse employment action

9

against her, did not create a hostile work environment, and did not retaliate against her. By contrast, Plaintiff has failed to offer "concrete particulars" sufficient to avoid summary judgment on her discrimination claims. *Weinstock v. Columbia University*, 224 F.3d 32, 41 (2d Cir. 2000).

## CONCLUSION

For all the foregoing reasons, Defendants SONY BMG and Warnock-Morgan respectfully request that the Court dismiss the Second Amended Complaint for failure to state a claim or, alternatively, for summary judgment as to all counts, together with such other and further relief as the Court deems just and proper.

Dated:    August 22, 2008
          New York, New York

                                        JONATHAN D. DAVIS, P.C.

                                By: _____
                                        Jonathan D. Davis (JD 5712)
                                        99 Park Avenue
                                        Suite 1600
                                        New York, New York 10016
                                        (212) 687-5464
                                        Attorneys for Defendants SONY
                                        BMG MUSIC ENTERTAINMENT
                                        and Barbara Warnock-Morgan

10