UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PATRICIA HARRIS LEE,

                                                **PLAINTIFF'S PROPOSED**
                      Plaintiff,           **JURY CHARGE**

    - against -

SONY BMG MUSIC ENTERTAINMENT, INC
and BARBARA WARNOCK MORGAN, Individual      07 CV 6733 (CM)(KNF)

                      Defendants.
------------------------------------------------------------------X

      Plaintiff, by and through her attorneys, The Law Office of Borrelli & Associates P.L.L.C., submits the following requests to charge.  We respectfully request that these concepts be incorporated into any charge that Your Honor ultimately uses.

**REQUEST NO. 1:**    **Burden of Proof**

      To establish a claim by a fair preponderance of the credible evidence simply means to prove that something is more likely so than not so.  A preponderance of the evidence means the greater weight of the evidence.  It does not mean the greater number of witnesses; or the greater length of time taken by either side.  It means the quality and persuasiveness of the evidence – that is, the weight and the effect that the evidence has in your minds.

      In order for a party who bears the burden of proof as to a particular issue or claim to prevail, the law requires that the evidence supporting the party's claim must appeal to you as more accurately representing what actually took place, as compared to the evidence opposed to the party's claim.  If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must resolve the question in favor of the other party.  That is because the party bearing this burden must

1

prove more than simple equality of evidence.  He/she must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden need prove no more than a preponderance.  So long as the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – than that element will have been proved by a preponderance of the evidence.

To summarize briefly, a preponderance of the evidence means that such evidence, when considered and compared with the evidence opposed to it, produces in your mind a belief that what is sought to be proved more likely happened than not happened.

**REQUEST NO. 2:  Hostile Work Environment**

I will now explain to you what plaintiffs must prove, by a preponderance of the evidence, in order to prove their claims that defendants created a hostile work environment.  Plaintiff must prove each of the following elements to prevail on her hostile work environment claim:

(1)     that plaintiff was a member of a protected class;

(2)     that plaintiff was subjected to unwelcomed racial discrimination and retaliation that was objectively and subjectively hostile;

(3)     that the charged racial discrimination and retaliation was severe or pervasive such that it affected a term, condition, or privilege of employment by creating an intimidating, abusive work environment;

[Authority; Meritor Savings Bank FSB v. Vinson, 477 U.S. 57, 91 L.Ed.2d 49; Trotta v. Mobil Oil Corp., 788 F. Supp. 1336, 1348 (S.D.N.Y. 1992); Babcock v. Frank 783 F. Supp. 800, 808 (S.D.N.Y. 1992);; Singletary v. District of Columbia, 225 F.Supp.2d 43,

62 (D.C. 2003)(setting forth elements of a hostile work environment claim based on retaliation).

**FIRST ELEMENT**:  With respect to the first element, plaintiff claims to be in two protected classes: first because she is an African-American, and second because she made complaints of racial discrimination.

Defendant does not dispute that plaintiff is an African-American.  Hence, you need not consider whether her being an African-American constitutes a protected class.  It does.  Thus, plaintiff has satisfied this element of her claim in that plaintiff's status of being an African-American constitutes a protected class.

Plaintiff also claims that she is in a protected class because she participated in activities protected by law.

Plaintiff claims that she engaged in a protected activity when she made complaints of Defendant Warnock-Morgan's conduct to Defendant Sony's HR Department.  I instruct you as a matter of law that Plaintiff's filing of her Charge of Discrimination, her filing of the Complaint, and her participation in depositions are protected activities.

"The term 'protected activity' refers to an action taken to protest or oppose statutorily prohibited discrimination[,]" (Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000)) and "include[s] complaining about unlawful practices . . . ." Bazile v. City of New York, 215 F. Supp.2d 354, 363 (S.D.N.Y. 2002).  To establish that an activity was protected, a plaintiff need only prove that she was acting under a good faith belief that the activity was of the kind covered by the statute." Cosgrove, 9 F.3d at 1039.

Internal complaints of discrimination are protected activities.  See Kotcher v. Rosa and Sullivan Appliance Center, Inc., 957 F.2d 59, 65 (2d Cir. 1992).

In order for an employee's complaints to constitute a protected activity under Title VII, the employer must be put on actual or constructive notice that the employee believes that discrimination is occurring.  See Ramos v. City of New York, 1997 WL 410493 at *3 (S.D.N.Y. 1997); See also Querry v. Messar, 14 F.Supp. 2d 437 (S.D.N.Y. 1998) (holding that the plaintiff need only establish that the employer knew or should have known about her complaint.).  It is not necessary that the employee specify that she is being discriminated against, or use any particular language.  Ramos at *3.  There are no magic words that must be used when complaining for it to be a protected activity.  Ramos at *3.  The employer does not have to know that the complaint was a discrimination complaint, so long as the employer "could have understood that the plaintiff's opposition was directed at conduct prohibited by Title VII."  Galdieri-Ambrosini v. National Realty & Development Corp., 136 F.3d 276, 292 (2d Cir. 1998).

In sum, plaintiff has satisfied the first element of her race-based hostile work environment claim because she is an African-American.  To satisfy the first element of her retaliation hostile work environment claims, plaintiff must prove that she engaged in protected activities.  I have instructed you above regarding certain activities that are protected as a matter of law.  Regarding the other activities, it is for you to determine whether the plaintiff has proved by a preponderance of the evidence that they constituted protected activities.

Thus, you must next consider the last three elements of plaintiffs' claims that they were subjected to a hostile work environment based, in part, on her race and/or based on complaints of racial discrimination.

**SECOND ELEMENT:** The second element requires that plaintiff establish that she was subjected to unwelcome harassment that was objectively and subjectively hostile. In other words, plaintiff must prove, by a preponderance of the evidence, that (a) a reasonable person in plaintiff's position would have perceived the work environment to be hostile, abusive, or offensive; and, (b) that plaintiff actually perceived her work environment to be hostile, abusive, or offensive.

I would like to take a moment to explain the distinction that I am drawing between these two concepts. You are asked to focus on both how a reasonable person would have viewed the conduct and how these plaintiffs actually viewed it because the law regarding discrimination raises competing concerns that must be balanced. On the one hand, the law recognizes that there may be some individuals who are more sensitive than others and who therefore may perceive discrimination where most people would not. The focus on how reasonable people would view the events reflects a desire to avoid imposing liability where a reasonable person would not think that others would be offended. On the other hand, some individuals have thicker skins than others. They may not actually be offended by behavior that most persons would find objectionable. To allow a person who was not actually offended to recover simply because someone else would have been offended in similar circumstances also would be unfair. This is why

5

you must determine whether the plaintiff has proved by a preponderance of the evidence that (a) she actually found the conduct hostile and unwelcome, and (b) a reasonable African-American would have found the same conduct to be hostile and unwelcome. [Authority: Harris v. Forklift Systems, Inc., 510 U.S. 17, 114 S.Ct. 367, 370 (1993); Torres v. Pisano, 116 F.3d 625 (2d Cir. 1997)].

**THIRD ELEMENT:** To satisfy the third element of this claim, the plaintiff must establish, by a preponderance of the evidence, that she was harassed, in part, based upon either of the following: (a) her race; and/or (b) her engagement in protected activities. To establish this claim, ONLY one of these two factors must have been a motivating factor which led to the harassment. Indeed, if either one or both of these factors were a factor causing the harassment, plaintiff has satisfied this element. It is important to note that the plaintiff's status in a protected class need not be the only factor that motivated the harassment, but such status must be a factor that motivated the harassment. Owen v. Thermatool Corp., 155 F.3d 137 (2d Cir. 1998) (holding that the most important factor for a discrimination jury charge to convey is the idea that (1) the impermissible factor must have played a role in the employer's decision, and (2) the factor need not have been the sole consideration motivating the employer's decision); Cronin v. Aetna Life Ins. Co., 46 F.3d 196 (2d Cir. 1995); Renz v. Grey Adver., 135 F.3d 217 (2d Cir. 1997).

To reiterate, in order to find this element satisfied, plaintiff must prove that it was more likely than not that at least one of the factors that motivated the harassment was plaintiff's status in either protected class – either her race or her engagement in protected activities.

**FOURTH ELEMENT:** To establish the fourth element of her claim, the plaintiff must establish, by a preponderance of the evidence, that the alleged harassment was severe **OR** pervasive such that it affected a term, condition, or privilege of employment by creating an intimidating, or abusive work environment. Whether the harassment affected a term or condition of employment is determined from the totality of the circumstances. [Authority: Sell v. Suffolk County, 782 F.2d 1094, 1103 (2d Cir. 1986); Heritor Savings Bank FSB v. Vinson, 477 U.S. 57, 69 (1986)]. Thus, based upon the totality of the circumstances, the plaintiff must prove, by a preponderance of the evidence, that the workplace was permeated with intimidation, ridicule, or insult that is sufficiently severe or pervasive to create an abusive working environment. A single incident, without more, if severe, can be enough to alter a plaintiff's working environment. [Cruz v. Coach, 202 F.3d at 560, 571]. The more severe the conduct, the less extensive it must be for you to find that it affected a term or condition of plaintiff's employment. In evaluating the totality of circumstances some of the factors you may consider are the following:

    (1)    the total physical environment of the plaintiff's work area;

    (2)    the degree and type of harassment,

    (3)    the reasonable expectations of the plaintiff upon entering the environment;

    (4)    the nature of the unwelcome conduct;
    (5)    the frequency of the offensive encounters;

    (6)    the severity of the conduct;

    (7)    the context in which the alleged harassment occurred;

    (8)    whether the conduct was unwelcome;

    (9)    the effect on the plaintiff's psychological well-being;

    (10)    whether the conduct was physically threatening;

    (11)    whether it was merely an offensive utterance; and

    (12)    whether it unreasonably interfered with the plaintiff's work performance.

[Authority: Employment Litigation: Model Jury Instructions, Section of Litigation, American Bar Association § 1.04[2][b] (1994 ed.), citing 29 C.F.R. § 1604.11; Harris v. Forklift Systems, Inc., 62 U.S.L.W. 4004, 114 S.Ct. 367 (1993); Heritor Savings Bank v. Vinson, 477 U.S. 57, 65 (1986).]. No single factor is required. You must consider the totality of the circumstances. Furthermore, the work environment does not need to be deemed "unendurable" or "intolerable" in or order to have altered the conditions of plaintiff's employment. Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 70 (2d Cir. 2000). Rather, the standard is lower, and all you must find, by a preponderance of the evidence, is that "the harassment is of such quality or quantity that a reasonable employee would find the conditions of her employment *altered for the worse*." Whidbee, 223 F.3d at 70. Also, the conduct need not seriously affect an employee's psychological well-being or lead the employee to suffer injury in order to meet this standard. Rather, psychological harm is merely a relevant factor that can be taken into account in determining whether the employee actually found the environment abusive.

      In short, plaintiff has satisfied the fourth element if after considering the totality of the circumstances, you find by a preponderance of the evidence, that the alleged harassment was severe or pervasive such that it affected a term, condition, or privilege of employment by creating an intimidating or abusive work environment.

**REQUEST NO. 3:**   **Retaliatory Adverse Employment Actions**

Plaintiff asserts that the defendants subjected her to adverse employment actions based, in part, upon her complaints of racial discrimination. To succeed on her claims of an adverse employment actions, plaintiff must prove, by a preponderance of the evidence, the following: (1) that plaintiff was in a protected class; (2) that plaintiff was subjected to adverse employment actions; (3) that the adverse employment actions were motivated, in part, by plaintiff's status in a protected class.

**ELEMENT 1:** With respect to the first element, plaintiff claims she is in a protected class because she complained about racial discrimination. Plaintiff claims that she made three distinct complaints of sexual harassment: first, in March 2003 when she filed a formal sexual harassment complaint through her union (Defendants Exhibit A); second, on December 27, 2003, when she filed a Charge of Discrimination with the New York State Division of Human Rights (Plaintiff's Exhibit 41A); and, third, on January 29, 2004 when she filed a notice of claim with the Malverne School District (Plaintiff's Exhibit 48). Defendants do not dispute that plaintiff made these complaints and I instruct you that plaintiff has satisfied element one in that she is in a protected class based on her complaints of discrimination.

**ELEMENT 2:** Plaintiff claims that she was subjected to various adverse employment actions. Specifically, plaintiff claims that her complaints to Defendant Sony BMG's HR department regarding Defendant Warnock-Morgan's conduct were ignored. Plaintiff also claims that she was subjected to other acts that may have been adverse. These and other

9

acts may be adverse actions, if you determine by a preponderance of the evidence that they were of such a nature that action(s) that might have dissuaded a reasonable worker from making or supporting a complaint of sexual harassment. Burlington Northern & Santa Fe Railway Co. v. White, 126 S. Ct. 2405, 2409-17, 165 L. Ed.2d 345 (2006). This may include acts or events that, by themselves, seem minor or inconsequential. Id. at 2415-16. Thus, you may consider any and all relevant background information or surrounding circumstances to determine whether any of the action(s) may have dissuaded a reasonable worker in the Plaintiff's position from complaining about discrimination. Id. at 2415-16. Kessler v. Westchester County Dept. of Social Services, 461 F.3d 199, 209 (2d Cir. 2006). Again, you may view these acts alone or collectively. Id.

**ELEMENT 3:** The final element that must be satisfied is a showing that a causal connection between plaintiff's status in a protected class and adverse employment action exists. See, Morris v. Lindau, 196 F.3d 102 (2d Cir. 1999); Gilligan v. Town of Moreau, 234 F.3d 1261 (2d Cir. 2000). To make this showing, a plaintiff must prove, by a preponderance of the evidence that her complaints of discrimination were a motivating factor in the adverse employment action(s). See Gilligan, 234 F.3d at 1261 (2d Cir. 2000)(citing Morris, 196 F.3d at 110). In determining whether these were motivating factors, it is important for you to understand that although plaintiff's complaints of discrimination must have played a role in the employment decisions, her complaints need not have been the sole or exclusive factor motivating the employment decision. There may have been many factors motivating a decision. Plaintiff's status in a protected class may be one of many factors, but it must be a motivating factor. Owen v. Thermatool

Corporation, 155 F.3d 137, 139 (2nd Cir. 1998) (specifically stating that the most important concept a discrimination jury charge should convey is the idea that (1) the impermissible factor must have played a role in the employer's decision, and (2) the factor need not have been the sole consideration motivating the employer's decision); Renz v. Grey Advertising, Inc., 135 F.3d 217, 221-22 (2d Cir. 1997) (holding that a charge requiring that the impermissible factor was "the real reason" for the action was erroneous); Fields v. New York State Office of Mental Retardation and Developmental Disabilities, 115 F.3d 116, 121 (2d Cir. 1997).

You, the jury, can consider a number of circumstances that may evidence that plaintiff's complaints of discrimination were factors that motivated any of the adverse employment actions taken against her. In determining whether her complaints were a motivating factor in an employment decision, some factors you may consider are the following: (1) whether you believe defendants' justifications for taking the adverse actions; (2) the timing and sequence of events leading to the adverse employment action; (3) whether decision makers made statements evidencing a retaliatory animus. These are merely factors, among many, that you may consider in determining whether plaintiff's complaints of discrimination were, in part, a motivating factor which lead to any of the adverse employment actions.

Dated: Carle Place, New York
       June 1, 2009

                Respectfully Submitted,

                THE LAW OFFICE OF BORRELLI & ASSOCIATES, PLLC

                Attorneys for Plaintiff
                One Old Country Road, Suite 347
                Carle Place, NY 11514
                (516) 248-5550

By:      /s/
       MICHAEL J. BORRELLI

12